597 A.2d 210

**Liueybogheii Mojiuyawhe AWKAKEWAKEYES, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 12, 1991.

Decided Aug. 29, 1991.

Liueybogheii Mojiuyawhe Awkakewakeyes, pro se.

David B. Farney, Asst. Counsel, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

McGINLEY, Judge.

The Department of Corrections (Department) preliminarily objects to the petition for review of Liueybogheii Mojiuyawhe Awkakewakeyes (Petitioner),[1] on the grounds that Petitioner has failed to properly serve the Department.

Service of process involving matters before this court is governed by Pa.R.A.P. 1514(c) which requires that a petitioner serve the petition for review upon the respondent and the Attorney General of Pennsylvania either in person or by certified mail. The Department alleges that service upon the Department's Commissioner, Joseph Lehman, by first class mail, rather than certified mail, is defective. In addition, the Department states that Petitioner has not served a copy of the petition for review upon the Attorney General of Pennsylvania. Petitioner, proceeding *pro se*, has filed a motion to dismiss the preliminary objections. The substance of his argument is that he will suffer an infringe-

---

1. Petitioner requests the review of a misconduct proceeding before the Department wherein Petitioner was found guilty of institutional misconduct.

ment of his constitutional rights if the Department is allowed to curtail his grievance. Petitioner characterizes the Department's objection as one instance in a pattern of discrimination against those incarcerated.

Recently, this Court held that a failure to comply with Pa.R.A.P. 1514(c) is an amendable defect. *National Solid Wastes Management Association v. Casey,* 135 Pa.Commonwealth Ct. 134, 580 A.2d 893 (1990). There, the National Solid Waste Association (Association) had filed a petition for review of an executive order establishing a moratorium on the issuance of new resource recovery facility permits. As in the controversy *sub judice,* there was a challenge to the method of service. Before a decision on the preliminary objections was rendered, service was accomplished in compliance with Pa.R.A.P. 1514. We held that failure to effect service as required by Pa.R.A.P. 1514 is an amendable defect, and overruled the objection.

The holding in *National* is consistent with our decision in *Blackwell v. State Ethics Commission,* 125 Pa.Commonwealth Ct. 42, 50, 556 A.2d 988, 991 (1989). *Blackwell* also involved a preliminary objection filed as a result of a petitioner's failure to serve the Attorney General with the petition for review and to effect service by certified mail pursuant to Pa.R.A.P. 1514(c). Prior to *Blackwell,* in cases that particularly involved prisoners, we held that preliminary objections to the method of service were properly sustained. *See Smith v. Pennsylvania Board of Probation and Parole,* 129 Pa.Commonwealth Ct. 606, 566 A.2d 643 (1989); *Bronson v. Filipi,* 107 Pa.Commonwealth Ct. 590, 528 A.2d 1060, (1987); *Anderson v. Commonwealth,* 103 Pa.Commonwealth Ct. 66, 519 A.2d 1070 (1987). We overrule these decisions insofar as they conflict with *National* and *Blackwell.*

The preliminary objection to service is overruled, and Petitioner is directed to effect service in accordance with Pa.R.A.P. 1514(c).

## ORDER

AND NOW, THIS 29th DAY OF August, 1991, the preliminary objections filed by the Department of Corrections in this matter are overruled. Petitioner is granted leave to serve the petition for review on the Department of Corrections and the Attorney General by certified mail within fourteen (14) days of the date of this order and file a certificate of service promptly thereafter, or this case will be dismissed as of course.