629 A.2d 194

Janine HUGHES, Petitioner,

v.

COUNCIL 13, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, and The Commonwealth of Pennsylvania, Department of Public Welfare, Respondents.

Commonwealth Court of Pennsylvania.

Argued June 14, 1993.

Decided July 13, 1993.

Edward A. Olds, for petitioner.

Alaine S. Williams, for respondents.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Janine Hughes (Petitioner) has filed a petition in this Court's original jurisdiction, alleging that Council 13 of the American Federation of State, County and Municipal Employees (AFSCME) breached its duty of fair representation to her. AFSCME has filed a motion for summary judgment, which we grant.

The Department of Public Welfare (DPW) employed Petitioner as a mental retardation aide at the Western Center for the Mentally Retarded. (Notes of May 20, 1992 deposition of Petitioner at 26). While employed at Western Center, Petitioner was represented by AFSCME for purposes of collective bargaining.

In July and August 1989, based upon rumors of patient abuse by Western Center's employees, DPW conducted an undercover investigation. The results of the investigation led to approximately 23 employees being charged with patient abuse. On November 7, 1989, DPW terminated Petitioner for allegedly abusing patients on two separate occasions.[1] After

1. In DPW's termination letter Petitioner was informed of her right to appeal through the grievance procedure of the collective bargaining agreement (CBA), or appeal under the Civil Service Act. The letter further stated that if she chose to appeal under the Act, she could not appeal under the CBA's grievance procedure.

termination, Petitioner requested AFSCME to file a grievance on her behalf. AFSCME also represented the 22 other employees charged with patient abuse.

At pre-arbitration hearings held under an experimental grievance process, AFSCME and DPW settled all the cases, thus not arbitrating any of the employees' grievances. AFSCME advised Petitioner to resign from her position, rather than have the dismissal on her record. After consulting with her attorney, Petitioner agreed to resign, never requesting that the grievance go forward to arbitration.

After successfully challenging DPW's contest to her petition for unemployment compensation benefits, Petitioner filed an action against AFSCME,[2] alleging that AFSCME breached its duty of fair representation to her by settling with DPW instead of taking her grievance to arbitration. Petitioner's claim against AFSCME is that it acted arbitrarily in settling her grievance. Based upon the pleadings and Petitioner's deposition, AFSCME filed a motion for summary judgment, stating that there is no genuine issue as to any material fact and that it is entitled to judgment in its favor as a matter of law.

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. No. 1035(b). The burden of demonstrating the lack of any genuine issue of material fact falls upon the moving party, and in ruling on the motion, the court must consider the record in the light most favorable to the opposing party. *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989). However, where a party's averments are contradicted by his or her own statements, courts may disregard the averments. *See Lucera v. Johns–Mansville Corp.*, 354 Pa.Superior Ct. 520, 512 A.2d 661 (1986).

---

**2.** DPW is an indispensable party to the action because it is the sole source of relief.

▮▮▮ Petitioner's only claim against AFSCME is for an alleged breach of its duty of fair representation to her. Petitioner claims that this breach of duty is demonstrated by the fact that she was successful in receiving unemployment compensation benefits. A union is guilty of unfairly representing an employee if its refusal to carry a grievance through to arbitration is due to arbitrariness, discrimination or bad faith. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Pennsylvania Labor Relations Board v. Eastern Lancaster County Education Association,* 58 Pa.Commonwealth Ct. 78, 427 A.2d 305 (1981). A union will be liable for breach of a duty of fair representation only when bad faith on the part of the union is shown. *Ziccardi v. Commonwealth,* 500 Pa. 326, 456 A.2d 979 (1982). In order to survive a summary judgment motion, the petitioner must allege arbitrariness on the union's part by specific facts; mere conclusory allegations in the pleadings without supporting factual allegations are not sufficient. *See Fouts v. Allegheny County,* 64 Pa.Commonwealth Ct. 441, 440 A.2d 698 (1982).

▮▮▮ A labor union has broad discretion to receive, pass upon and withdraw grievances. *Falsetti v. Local Union 2026,* 400 Pa. 145, 161 A.2d 882 (1960). In *Ziccardi,* the Supreme Court noted the issue of just cause, whether a grievance has merit, does not determine liability for a duty of fair representation claim. The fact that Petitioner successfully obtained unemployment benefits does not demonstrate that AFSCME acted arbitrarily. We can find no facts in our review of the record showing that AFSCME breached its duty of fair representation to Petitioner.

Accordingly, we grant AFSCME's motion for summary judgment and dismiss Petitioner's petition for review.[3]

### ORDER

AND NOW, this 13th day of July, 1993, Council 13 of the American Federation of State, County and Municipal Employ-

---

3. Having granted summary judgment for AFSCME, there is no case remaining as to DPW according to the decisions in *Martino v. Transport Workers' Union,* 505 Pa. 391, 480 A.2d 242 (1984) and *Ziccardi.*

ees' motion for summary judgment is hereby granted and the petition filed by Janine Hughes is also hereby dismissed.

PALLADINO, J., concurs in the result only.