**Edward DORFMAN, Petitioner,**

v.

**PENNSYLVANIA SOCIAL SERVICES UNION—LOCAL 668 OF the SERVICE EMPLOYEES INTERNATIONAL UNION and Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on briefs March 31, 2000.
Decided May 31, 2000.

Edward Dorfman, petitioner, pro se.

Claudia G. Lukert, Harrisburg, for respondent, PA Social Services Union, Local 668, Service Employees International Union.

Lisa K. Essman, Harrisburg, for respondent, Com.

Before PELLEGRINI, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Presently before this Court are the preliminary objections of the Pennsylvania Social Services Union, Local 668 of the Service Employees International Union (the Union) and the Commonwealth of Pennsylvania (the Commonwealth) in response to a *pro se* petition for review filed by Edward Dorfman (Petitioner), seeking relief in the form of an order requiring arbitration. Also presently before this Court are the preliminary objections of Petitioner to the Commonwealth's preliminary objections. For the reasons that follow, we sustain the preliminary objections of the Union and the Commonwealth and deny the preliminary objections of Petitioner.

The Union represents a group of Commonwealth employees, including employees at the Department of Public Welfare (DPW) in Petitioner's job classification. Specifically, DPW employed Petitioner as an income maintenance caseworker (IMCW) at one of its county assistance offices in Philadelphia. By way of letter dated July 20, 1994, DPW, through the Philadelphia county assistance office, notified Petitioner that he was being removed from his position as IMCW effective July 22, 1994. The letter provided that the reason for Petitioner's removal was unsatisfactory performance. Pursuant to the collective bargaining agreement executed between the Union and the Commonwealth, the Union subsequently filed a grievance on Petitioner's behalf protesting his discharge.[1]

---

1. Talmadge Belo, one of the Union's business agents, actually filed the grievance on Petitioner's behalf.

The Union's grievance was ultimately denied. In accordance with the Union's standard operating procedure, the Union immediately submitted a notice of intent to arbitrate the matter.[2] Pursuant to the Union's policy, Mr. Belo then commenced a further investigation of the matter and submitted a recommendation to the Union's grievance coordinator. Mr. Belo was of the opinion that the Union would not prevail at arbitration, as Petitioner's co-employees reported that Petitioner could not perform his job as an IMCW and DPW had exhausted its own progressive and corrective disciplinary procedure with respect to Petitioner.

The Union thereafter notified Petitioner, by letter dated October 14, 1997, that it did not intend to arbitrate his grievance.[3] The letter also notified Petitioner that he had the right to appeal the Union's decision to the Pennsylvania Social Services Union Statewide Grievance Appeal Committee within twenty days of receipt of said letter. When Petitioner failed to notify the Union that he wished to exercise his appeal rights, the Union notified DPW that it was withdrawing Petitioner's discharge grievance from the arbitration process.

Petitioner subsequently filed a petition for review in this Court's original jurisdiction on October 18, 1999, alleging that the Union had violated its duty of fair representation and breached the collective bargaining agreement executed with the Commonwealth. More specifically, Petitioner alleged that the Union had exercised bad faith in failing to fully investigate his grievance, failing to follow its normal and customary practices in the handling of grievance discharges and failing to demand arbitration. Petitioner sought an order from this Court requiring the Union to proceed to nunc pro tunc arbitration. Pe-

titioner's petition also joined the Commonwealth as an indispensable party.

Both the Union and the Commonwealth filed preliminary objections to Petitioner's petition. In its preliminary objections, the Union contends that Petitioner's petition was improperly served under Rules 401 and 402 of the Pennsylvania Rules of Civil Procedure; that Petitioner's petition violates Pa. R.C.P. No. 1019(a) in that said petition does not state material facts on which a cause of action is based; and that Petitioner's petition fails to plead specific material facts sufficient to allow the Union to answer or prepare a defense.

In its preliminary objections, the Commonwealth contends that it is entitled to a demurrer as the doctrine of sovereign immunity bars Petitioner's suit against the Commonwealth and Petitioner has failed to name an appropriate Commonwealth agency. Additionally, the Commonwealth's preliminary objections contend that Petitioner's petition was filed beyond the two-year statute of limitations for the same; that Petitioner's petition violates Rule 1513(d) of the Pennsylvania Rules of Appellate Procedure, in that said petition is insufficient with regard to the form and content of the notice to plead; that Petitioner's petition violates Pa. R.A.P. 121(d) and 1514(a) by failing to contain or have attached a proof of service; and that Petitioner violated Pa. R.A.P. 1514(c) by serving a copy of his petition on the Office of Attorney General but failing to serve a copy on the Commonwealth.

In response to the Commonwealth's preliminary objections, Petitioner filed preliminary objections of his own. Petitioner simply contends in his preliminary objections that since he has challenged the Commonwealth's preliminary objections with respect to the issues of immunity and

---

**2.** The Union automatically submits a notice of intent to arbitrate upon receipt of the final denial of a grievance.

**3.** The Union's letter reiterated the statements in Mr. Belo's recommendation, i.e., Petitioner

failed to meet DPW's performance standards in spite of a reduced caseload and DPW had exhausted its progressive and corrective disciplinary procedures to no avail.

the statute of limitations, these issues are properly addressed in an answer and new matter and not by way of preliminary objections.

■ In ruling on preliminary objections, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). "However, we need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 560 Pa. 677, 742 A.2d 173 (1999). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth.1995).

We begin with the Union's preliminary objections. The Union contends that Petitioner's petition violates Pa. R.C.P. No. 1019(a) in that said petition does not state material facts on which a cause of action is based. Additionally, the Union contends that Petitioner's petition fails to plead specific material facts sufficient to allow the Union to answer or prepare a defense.[4] Pa. R.C.P. No. 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa. R.C.P. No. 1028(a)(3) provides that a defendant may object to a pleading because of "insufficient specificity" in the same.

■ "A union is guilty of unfairly representing an employee if its refusal to carry a grievance through to arbitration is due to arbitrariness, discrimination or bad faith." *Fouts v. Allegheny County*, 64 Pa. Cmwlth. 441, 440 A.2d 698, 701 (1982). In order to survive a preliminary objection, the petitioner must allege arbitrariness, discrimination or bad faith on the union's part by specific facts; mere conclusory allegations in the pleadings without supporting factual allegations are not sufficient. *Id.; see also Hughes v. Council 13, American Federation of State, County and Municipal Employees*, 157 Pa. Cmwlth. 96, 629 A.2d 194 (1993), *affirmed*, 536 Pa. 539, 640 A.2d 410 (1994).[5]

■ In the instant case, Petitioner's only allegation against the Union is found at paragraph six of his petition for review and states as follows:

> Respondent without reason or cause has in bad faith failed to investigate Petitioner [sic] grievance fully; has in bad faith failed to follow its normal and customary practices in the handling of discharge grievances; has in bad faith and without reason failed to demand arbitration, thus depriving the Petitioner of his only opportunity to obtain an impartial hearing of his grievance and to obtain reinstatement to his job with full back pay.

However, Petitioner alleges nothing more than that the Union failed to fully investigate his grievance, failed to follow its normal and customary practices and failed to process his grievance to arbitration. No facts have been pleaded by Petitioner by which this Court could infer that the Union's treatment of Petitioner's grievance was arbitrary, discriminatory or in bad faith. Petitioner's assertions that the Un-

4. In its preliminary objections, the Union also raises an issue regarding improper service under Pa. R.C.P. Nos. 401 and 402. Because of our ruling on the Union's other preliminary objection, we need not address this issue. However, we note that we have previously overruled similar preliminary objections and directed a petitioner to effect service in the proper manner. *See Harris v. Horn*, 747 A.2d

1251 (Pa.Cmwlth. 2000); *Awkakewakeyes v. Department of Corrections*, 142 Pa.Cmwlth. 232, 597 A.2d 210 (1991). In both of these cases, we held that improper service was an amendable defect.

5. In *Hughes*, we noted that a labor union has broad discretion to receive, pass upon and withdraw grievances.

ion acted in bad faith are merely conclusory allegations on his part and do not rise to the level of well-pleaded facts; thus, we must sustain the Union's preliminary objection in this regard.

■ Next, we turn to the Commonwealth's preliminary objections. In its preliminary objections, the Commonwealth contends that it is entitled to a demurrer as the doctrine of sovereign immunity bars Petitioner's suit against the Commonwealth and Petitioner's petition fails to name an appropriate Commonwealth agency.

Article I, Section 11 of the Pennsylvania Constitution provides that the Commonwealth and its agents may only be sued in the manner, in the courts, and in cases specified by the General Assembly. The General Assembly has specified that the Commonwealth and its agents remain immune from suit except when immunity is specifically waived. *See* Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522. The General Assembly has specifically waived sovereign immunity for Commonwealth parties in limited cases. *Id.* However, the General Assembly has not waived sovereign immunity with respect to claims against the Commonwealth itself.[6] *See Tork–Hiis v. Commonwealth of Pennsylvania*, 558 Pa. 170, 735 A.2d 1256 (1999).

Presently, Petitioner has failed to identify any specific Commonwealth agency as a party.[7] Instead, Petitioner simply names the Commonwealth as an indispensable party. As the General Assembly has not waived sovereign immunity for the Commonwealth itself, the Commonwealth's preliminary objections are sustained as well.[8]

Accordingly, the preliminary objections of the Union and the Commonwealth are sustained, the preliminary objections of Petitioner are denied and Petitioner's petition for review is dismissed.

## ORDER

AND NOW, this 31st day of May, 2000, upon consideration of the preliminary objections filed by the Pennsylvania Social Services Union, Local 668 of the Service Employees International Union and the Commonwealth of Pennsylvania, said preliminary objections are sustained. Upon consideration of the preliminary objections filed by Edward Dorfman (Petitioner), said preliminary objections are denied and Petitioner's petition for review is dismissed.

FLAHERTY, Judge, concurring.

Although I agree with the result reached by the majority, I disagree with that part of the reasoning which concludes Petitioner failed to plead sufficient facts amounting to bad faith on the part of the Union. Such facts are already embodied in the majority's opinion and, if proven, would amount to bad faith. But even so, Petitioner is seeking equitable relief in the nature of a mandatory injunction ordering the Union to arbitrate his grievance almost

6. Generally, Pa. R.C.P. No. 1030 requires the affirmative defense of immunity to be raised as new matter. However, in *Malia v. Monchak*, 116 Pa.Cmwlth. 484, 543 A.2d 184 (1988), we indicated that if the defense of immunity was apparent on the face of the challenged pleading, then the defense will be considered on preliminary objection unless the opposing party challenges this procedure by filing preliminary objections to the preliminary objections. Although Petitioner has filed such preliminary objections in the present case, we nevertheless believe that the issue of immunity can be addressed by way of preliminary objection, as Petitioner only identified the Commonwealth as a party and failed to identify any specific Commonwealth party to which an exception to immunity applies.

Hence, Petitioner's preliminary objections are denied.

7. We note that Petitioner could have named DPW, the Commonwealth agency where he was last employed, as a party.

8. We note that the Commonwealth also raises additional issues in its preliminary objections regarding the statute of limitations and the form and content of Petitioner's petition for review. However, as we determined above that the Commonwealth's preliminary objection regarding the issue of immunity should be sustained, we need not address these additional issues.

two years after the expiration of the time limit set forth in the collective bargaining agreement. The problem Petitioner faces, however, is that he does not qualify for the equitable relief.

If this Court ordered the Union to arbitrate, the arbitrator would be without jurisdiction since a timely appeal was never taken. Despite Petitioner's receiving adequate notice of the appeal period, he never did appeal but, instead seeks equitable relief in this Court almost two years later. Equity aids the vigilant. It is not a back door to be used when one sits on his legal rights and lets them expire. Further, even if this Court granted the petition here, it would accomplish nothing. Even if this Court found bad faith and ordered the Union to arbitrate, the other party to the CBA, the Commonwealth is innocent of any wrong doing and it would be inequitable to order it to arbitrate now after such delay. Furthermore, even if the Union could be proven to be guilty of the bad faith alleged, there is an adequate remedy at law in damages for breach of the Union's duty of fair representation, if such is the case. For these reasons, in addition to those set forth in the majority opinion, except for the holding of failure to adequately plead facts amounting to bad faith, I concur that the preliminary objections of the Union and the Commonwealth should still be sustained.