# Sanderman v. Costa Cruises Inc.

C.P. of Monroe County, no. 3475 Civil 2001.

*William H. Robinson Jr.,* for plaintiff.
*Carl D. Bucholz III* and *Charles W. McCammon,* for defendant.

CHESLOCK, *J.,* September 20, 2001—On May 11, 2001, the plaintiffs, Richard and Reva Sanderman, filed a declaratory judgment action against Costa Cruise Lines N.V., seeking monetary damages in the amount of $21,775. After the defendant, Costa filed preliminary objections, the Sandermans on June 19, 2001, filed an amended complaint in which they sought to compel Costa to honor their cruise tickets instead of monetary relief. Costa Cruise Lines N.V. is a registered corporation in the Netherlands Antilles. Its only office and principal place of business is located in Hollywood, Florida. In their amended complaint, the Sandermans allege that upon requesting Leading Source Inc. to obtain nine tickets for an 11-day cruise on the "Costa Romantica" leaving from Newark, New Jersey, they forwarded a check to Leading Source to pay for the tickets. Leading Source has failed to obtain the tickets or refund the money.

Leading Source is a travel agent and tour operator based in Fort Walton Beach, Florida. Confirmation for the tickets was issued by Leading Source. Costa never received any funds from the Sandermans or Leading

Source. Costa is neither registered nor licensed to conduct business in Pennsylvania. Costa has not consented to the jurisdiction of the courts of the Commonwealth of Pennsylvania, nor does it maintain any financial accounts, offices, telephone or mailing addresses in Pennsylvania.

The Sandermans allege that Leading Source's web site transferred them to "Trip Quest," a separate web site that lists the Costa Romantica as a cruise it regularly books. The domain name for the "Trip Quest" web site is registered to a Mr. Bruce Currie, whom the Sandermans allege was formerly affiliated with Leading Source. Further, the Sandermans contend that Costa did not book cruises directly but used travel agents. When the Sandermans attempted to book directly, they were told to use an agent and were referred to Leading Source. Finally, Costa advertises its cruises on the internet and in newspapers throughout the nation including Pennsylvania and pays commissions to various travel agents throughout the nation. On September 4, 2001, this court heard arguments on the preliminary objections. Both parties subsequently filed briefs and now we are ready to decide the matter.

In ruling on preliminary objections, we must accept as true all well-pleaded facts and reasonable inferences drawn therefrom. See *Dorfman v. Pennsylvania Social Services Union—Local 668 of the Service Employees Int'l Union,* 752 A.2d 933, 936 (Pa. Commw. 2000). However, we need not accept any conclusions of law, unwarranted inferences, argumentative allegations or opinion. *Id.* Moreover, we should sustain preliminary objections only when they are free and clear from doubt. *Id.*

In its brief, Costa asserts that the Sandermans' complaint lacks subject matter and personal jurisdiction, fails to join a necessary party and lacks proper venue and, therefore, should be dismissed. The main point of contention, however, raised by the Sandermans' brief in response goes to personal jurisdiction. Because Costa raised the issue of personal jurisdiction, the Sandermans must prove by a preponderance of the evidence that the facts are sufficient to establish personal jurisdiction. See *Carteret Savings Bank FA v. Shushan,* 954 F.2d 141, 146 (3d Cir.), *cert. denied,* 506 U.S. 817 (1992), also, *Time Share Vacation Club v. Atlantic Resorts Ltd.,* 735 F.2d 61, 63 (3d Cir. 1984). In order to meet the Fourteenth Amendment Due Process standard, which protects an individual's liberty interest from the binding judgments of a forum with which he has established no meaningful contacts, the Sandermans must show that Costa had more than random or attenuated contacts with Pennsylvania. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). This court finds that the plaintiffs failed to meet such a burden.

Under Pennsylvania's Long Arm Statute, courts have recognized a distinction between specific and general jurisdiction. 42 Pa.C.S. §5301 et seq. Let us first address specific jurisdiction. Specific jurisdiction is relevant where defendant's forum-related activities gave rise to the cause of action; in a contract case, for example, the place where the contract occurred. *McGee v. International Life Insurance Co.,* 355 U.S. 220 (1957). Even if the contract is formed outside the forum, the situs of the contract is not controlling where a foreign corporation induces the contract by directly targeting the relevant fo-

rum. However, where as here the defendant not only did not induce the contract but was not even part of the contract, we cannot find specific jurisdiction. *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408 (1984). Accordingly, specific jurisdiction does not apply to Costa.

Finally, the Sandermans allege that since Costa acted as the principal of Leading Source, Costa did indeed form a contract in Pennsylvania and, thus, specific jurisdiction may be found. To the contrary, we find that Costa was not a party to the contract in dispute as Leading Source was not an agent of Costa but rather an independent contractor. In their brief, the Sandermans claim that Costa never raised this issue. To the contrary, Costa asserted not only that the travel agency was an independent contractor but also that it acts as a special agent only for the particular transaction. To distinguish a principal-agent relationship from an independent contractor requires a balancing of the following factors: control of the manner of work, terms of the agreement, nature of the work, skill required for the performance, whether one is engaged in distinct business, payment by time or by job, whether work is part of regular business of employer and can the employer terminate at any time. *Zimmerman v. Commonwealth, Public School Employes' Retirement Board,* 513 Pa. 560, 563, 522 A.2d 43, 45 (1987), quoting *Hammermill Paper Co. v. Rust Engineering Co.,* 430 Pa. 365, 243 A.2d 389 (1968). Costa did not control the manner of Leading Source's business, nor is it the regular part of a cruise line's business. Although Costa may have paid a commission, it paid by the job not the hour and could terminate its agreement at

any time. Finally, the skill required for a travel agent is unique.

In the alternative, we must look to see if Costa falls under the rubric of general jurisdiction. With respect to general jurisdiction, the doctrine of minimum contacts applies. We look to see whether Costa had sufficient minimum contacts with Pennsylvania such that maintenance of the suit does not offend traditional notions of fair play and justice. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316 (1945). As a practical matter, then, Costa must have purposefully availed itself of the privilege of conducting some activity in the state, thereby invoking the benefits and protections of state law. *Burger King,* 471 U.S. at 474-76. Further, such activity must be substantial and continuous enough to make it reasonable to exercise personal jurisdiction. *Brotherhood Cia Naviera S.A. v. Zapata Marine Service Inc.,* 547 F. Supp. 688, 691 n.2 (E.D. Pa. 1982).

Applying the law to the present facts, we find that Costa Cruise Lines N.V. lack the level of contact with Pennsylvania required to justify a finding of general jurisdiction. Costa was neither licensed nor registered to do business in Pennsylvania. It did not own property, maintain accounts, offices, employees or agents in Pennsylvania. More important, it did not "solicit" or directly target customers in Pennsylvania. Costa's only advertising came from a separate travel agent's web site that listed it.

Advertising on the internet is not an issue of first impression in Pennsylvania. A federal district court ruled that personal jurisdiction is directly proportionate to the

nature and quality of commercial activity conducted on the internet. *Resnick v. Manfredy,* 52 F. Supp.2d 462, 466-67 (E.D. Pa. 1999). More specifically, that court concluded that personal jurisdiction is proper where a defendant clearly does business over the internet; for example, entering into contracts in a foreign jurisdiction that involve knowing and repeated transmissions of computer files over the internet. *Id.* Posting ads or information on a noninteractive web site accessible to users in a foreign jurisdiction is a less invasive type of activity and, the court reasoned, more analogous to national advertising. *Id.*

Costa's activity resembles the latter kind in that its name was listed on a separate site. There is no evidence the travel agent site linked to Costa's own web site, or that the Sandermans ever contacted Costa directly. Further, the Sandermans' reliance in their brief on the *Garfield* case is misplaced. That case is distinguishable because the New York resort specifically targeted customers in the Philadelphia area and its contacts were continuous and substantial. Such activity may also be found where the foreign corporation makes a number of direct sales in the forum, solicits business regularly or advertises regularly in a way that specifically targets the forum. Here, Costa was tangentially involved in an isolated contract. Costa did not solicit business in Pennsylvania nor did it specifically target Pennsylvania with advertising. The kind of advertising done here is more analogous to the *Zapata* case, where a Texas company's only alleged contact with Pennsylvania was that it advertised in a national trade magazine. A Third Circuit

court held that the company lacked the necessary contact with the forum state.

In conclusion, for the reasons outlined above, this court finds that the Sandermans lack the authority to exercise jurisdiction over Costa. We grant Costa's preliminary objections. This court need not decide on defendant's other motions.

## ORDER

And now, September 26, 2001, it is hereby ordered that defendant's preliminary objections are granted and plaintiff's complaint is dismissed.