J-S58002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALTON D. BROWN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LARRY KRAMER, | |
| Appellee | No. 1966 MDA 2014 |

Appeal from the Order Entered October 6, 2014
in the Court of Common Pleas of Huntingdon County
Civil Division at No.: 2013-01594

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　**FILED NOVEMBER 25, 2015**

Appellant, Alton D. Brown, appeals *pro se* from the order sustaining preliminary objections to his amended complaint against Appellee Larry Kramer.[1]  We affirm on the basis of the trial court opinion.

This is a highly convoluted lawsuit, compounded by Appellant's endless stream of ultimately superfluous motions, and a near constant shift in claims and arguments.  The brief is meandering, unfocused and substantially non-compliant.  Nevertheless, it is apparent that Appellant's underlying claim, a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court also entered orders denying Appellant's motion for sanctions, and denying a motion to compel discovery.  Appellant has not raised these additional issues in this appeal.  Therefore, we deem them abandoned.

breach of contract claim against the then-publisher of USA Today, **personally**, is utterly frivolous.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we note that Appellant, currently an inmate at S.C.I. Smithfield, and an admitted *pro se* filer of similar complaints for eighteen years, chiefly claims a breach of contract, and breach of warranty, personally, by Larry Kramer, formerly the editor and publisher of the newspaper USA Today.[2] Appellant complains that after his subscription began, USA Today stopped publishing Las Vegas odds and other related data on sporting events. Appellant claims he needs this information to run his book-making operation in prison. (**See** Appellant's Amended Complaint, 5/21/14, at 2, ¶ 12).

---

[2] We take judicial notice that Appellee Larry Kramer, formerly publisher and president of USA Today, resigned effective June 29, 2015, from the newspaper and joined the board of directors of the new Gannett, in a corporate restructuring by which Gannett, the new publishing company, began trading as a separate company. **See** *usatoday.com*, June 8, 2015.

After a hearing, the trial court sustained Appellee's preliminary objections to the amended complaint, and denied the motion for reconsideration. This timely appeal followed.[3]

Appellant raises three questions for our review on appeal:

> I. Whether trial court erred as a matter of law or abused [its] discretion by sustaining preliminary objections, including the motion for reconsideration of same?
>
> II. Whether trial court erred in [its] holding and actions surrounding prison staff refusal to allow Appellant access to his case files during hearing on preliminary objections?
>
> III. Whether trial court's claim that appeal is untimely is supported by evidence?

(Appellant's Brief, at 1).

> In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

*Martin v. Rite Aid of Pennsylvania, Inc.*, 80 A.3d 813, 814 (Pa. Super. 2013) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues Appellant has raised on appeal. The trial

_____

[3] We give Appellant the benefit of the doubt that his appeal was timely filed, pursuant to the Prisoner Mailbox Rule. *See Thomas v. Elash*, 781 A.2d 170, 178 (Pa. Super. 2001) (holding that prisoner mailbox rule applies to all *pro se* filings by incarcerated litigants).

court opinion properly disposes of the questions presented. (**See** Trial Court Opinion, 1/05/15, at 1-3) (concluding that Appellant (1) failed to establish in his amended complaint that he had contracted personally with Appellee Kramer; and (2) failed to allege averments of fraud with particularity).[4]

Additionally, we conclude that Appellant failed to raise and preserve, or properly develop, his claim that the trial court could or should interfere with the Department of Corrections based on his (Appellant's) bald assertion that prison staff interfered with his access to case files.

Finally, we note that we have given Appellant the benefit of the doubt on the timeless of his notice of appeal, based on evidence of his apparent timely mailing pursuant to the Prisoner Mailbox Rule. (**See supra** at 3 n.3; **see also Thomas v. Elash**, **supra** at 178). Therefore, Appellant's third claim is moot.

---

[4] Moreover, for the sake of clarity and completeness, we conclude on independent review that, in addition to a veritable cornucopia of procedural and technical defects, there is no merit to Appellant's overarching claim. Appellant not only fails to show that he contracted directly with Appellee Kramer for a subscription to USA Today; he offers no pertinent argument or supporting evidence in the record for his claims. Furthermore, he fails to develop a legal argument that a subscriber to a publication has any contractual right or claim to specific editorial content, much less a warranty, express or implied, that the publisher will maintain specific editorial content for the length of any individual subscription. We observe that Appellant cites to caselaw for general principles only. None are pertinent to his specific claims.

Order affirmed. [5]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/2015

---

[5] We direct the Prothonotary to forward a copy of this memorandum to the Superintendent at SCI Smithfield for appropriate review of Appellant's self-confessed operation of a facially illegal gambling business in prison.

ALTON D. BROWN, : IN THE COURT OF COMMON PLEAS

　　　　Plaintiff : OF HUNTINGDON COUNTY,

VS. : PENNSYLVANIA,

: CIVIL DIVISION

LARRY KRAMER, et al., :

　　　　Defendant : NO. CP-31-CV-01594-2013

## MEMORANDUM

Plaintiff has appealed from our October 6, 2014 Orders granting Preliminary Objections, denying a Motion for Sanctions and denying a Motion to Compel Discovery.[1] We write to fulfil our duties pursuant to Pa.R.A.P. No. 1925(a). Plaintiff's Amended Complaint alleges that Plaintiff is an inmate at the State Correctional Institution at Smithfield and Defendant, Larry Kramer, is the president and publisher of the of the "USA Today newspaper."

Plaintiff commenced this action by Complaint filed on December 12, 2013. An Amended Complaint was subsequently filed on May 21, 2014, and Defendant filed Preliminary Objections on July 18, 2014. The Amended Complaint raises counts of Breach of Contract (Count I), Breach of Warranty (Count II), and Misrepresentation (Count III). We held argument on October 2, 2014 wherein Plaintiff participated via video conference from the State Correctional Institution at Smithfield. By Order dated October 6, 2014, this Court sustained the Preliminary Objections to Plaintiff's Amended Complaint. On November 18, 2014, Plaintiff filed an untimely Notice of Appeal from our October 6, 2014 Orders.[2] We would also note that the caption of Plaintiff's Amended Complaint added U.S.A. Today as a Defendant, whereas in the original Complaint, Larry Kramer was the sole named Defendant.

---

[1] In his Statement of Matters Complained of on Appeal, Plaintiff failed to address any issues relating to the denial of the Motion for Sanctions or the denial of the Motion to Compel Discovery. This Memorandum only addresses the issues raised in the Pa.R.A.P. 1925(b) statement.

[2] The docket transcript indicates that the appeal was filed on November 18, 2014, however, there is an indication on the envelope that the Prothonotary received the Notice of Appeal on November 7, 2014. Giving Plaintiff the benefit of the doubt, and using the November 7, 2014 receipt date, the Notice of Appeal was received 32 days after October 6, 2014 Order.

NOTICE OF ENTRY OF ORDER OR DECREE PURSUANT TO PA. R. C. P. NO. 236 NOTIFICATION - THIS DOCUMENT HAS BEEN FILED IN THIS CASE. PROTHONOTARY, HUNTINGDON COUNTY, PA DATE: JAN 05 2015

[Appendix-A]

When ruling on preliminary objections, this Court is required to "accept as true all well-pleaded facts and all inferences reasonably deducible therefrom." Dorfman v. Pennsylvania Social Servs. Union B Local 668, 752 A.2d 933, 936 (Pa. Commw. Ct. 2000); See also Stone and Edwards Insurance Agency Inc. v. Department of Insurance, 151 Pa.Commw. 266, 626 A.2d 1060 (Pa. Cmwlth. 1992). Furthermore, in order to sustain preliminary objections, this Court must be certain that "the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." Id.; See also Envirotest Partners v. Department of Transportation, 664 A.2d 208 (Pa. Cmwlth. 1995).

We have only considered the three issues raised in Plaintiff's Statement of Errors Complained of on Appeal. The first issue is "whether the Court erred in sustaining preliminary objections." Count I of Plaintiff's Amended Complaint raises a breach of contract claim. Plaintiff, however, failed to attach to his Amended Complaint any written documentation reflecting a contract and/or agreement allegedly breached by Larry Kramer. Although a letter sent to Plaintiff (when Plaintiff was a resident of Montgomery County) is attached to the pleading, the letter is not from Larry Kramer. Pa.R.C.P. No. 1019(h) requires that "when any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written. If the agreement is in writing, it must be attached to the pleading." Even if we were to determine that the attached letter constituted a contract, the contract was not with Larry Kramer.

As such, Plaintiff has failed to establish in his Amended Complaint that Larry Kramer personally contracted with him or that Larry Kramer acted at any time in an individual capacity. Plaintiff also failed to allege averments of fraud with particularity as is required by Pa.R.C.P. 1019(b).

Plaintiff secondly inquires as to "whether the court erred in holding that it had no authority to prevent prison staff from denying Plaintiff access to his case files during hearing on preliminary objections." At argument on October 2, 2014, Plaintiff advised the Court that he did not have his file at the time. N.T. 10/2/2014 at 5. The Court answered, "There is nothing I can do about that." N.T. 10/2/2014

at 5. The issue raised by Plaintiff has no relevance to our ruling on the Preliminary Objections.

Plaintiff's last issue claims the Court erred by denying his "Motion for Reconsideration." This issue is misguided as the Court never ruled on Plaintiff's Motion as the Notice of Appeal was filed prior to a ruling being issued by the Court.

For the foregoing reasons, the Orders entered by this Court on October 6, 2014 should be affirmed.

BY THE COURT,

_____

-George N. Zanic, P.J.