# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia              :

                                  :

             v.                :    No. 249 C.D. 2018

                                  :    Submitted: November 15, 2018

Mark Aston                    :

                                  :

Janice James, Administratix of the    :

Estate of James L. McDonald,       :

Deceased                    :

                                  :

Appeal of: Janice James,         :

Administratix of the Estate of      :

James L. McDonald, Deceased    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge (P)
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER              FILED: December 6, 2018

      Janice James, Administratrix of the Estate of James L. McDonald, Deceased, appeals from the January 19, 2018 Order[1] of the Court of Common Pleas of Philadelphia County (common pleas) denying as untimely Ms. James' August 30, 2017 Petition to Set Aside Sheriff's Sale (August Petition to Set Aside). In addition, common pleas indicated in a footnote that Ms. James had not established

---

[1] The Order is dated January 18, 2018, but was docketed on January 19, 2018.

cause to set aside the sale. On appeal, Ms. James argues common pleas erred in finding her challenge untimely and in rejecting her substantive arguments to the validity of the sale as being without merit. Because Ms. James' August Petition to Set Aside was filed beyond the period set forth in Section 39.3 of the Municipal Claims and Tax Liens Act (MCTLA), 53 P.S. § 7193.3,[2] that petition was untimely. Accordingly, we affirm on that basis.

Although this matter is factually complex, the facts relevant to Ms. James' appeal from the January 19, 2018 Order are relatively straightforward. James L. McDonald, Ms. James' father (Father), owned the property at issue at the time of his death in 1984. (August Petition to Set Aside ¶¶ 1, 3-4.) Father's estate was not admitted to probate, and letters of administration were not granted to Ms. James, until November 2008. In the meantime, the property was conveyed to Mark Aston in 2007, which Ms. James alleges occurred fraudulently.[3] (*Id.* ¶¶ 5, 8.) Ms. James made two attempts to challenge the validity of the alleged fraudulent conveyance through civil actions, but neither action was brought to completion.

Between 1987 and 2014, no taxes were paid on the property, resulting in a tax lien of approximately $80,000. (Reproduced Record (R.R.) at 17a-18a.) On January 31, 2015, the City of Philadelphia (City) filed a Petition for Rule to Show Cause Why Property Should Be Sold Free and Clear of All Liens and Encumbrances (Petition), naming Mr. Aston as the respondent.[4] (*Id.* at 8a-11a.) Ms. James' name and address appeared on the "Tax Information Certificate"

---

[2] Act of May 16, 1923, P.L. 207, *as amended*, added by Section 4 of the Act of December 14, 1992, P.L. 859.

[3] In 2015, Mr. Aston conveyed the property to a Kalista Alston.

[4] Sometime in 2016, the City filed a second tax claim petition naming Ms. Alston as the defendant. However, the City did not proceed with those claims, focusing instead on its 2015 action against Mr. Aston. (R.R. at 33a-36a.)

accompanying the Petition based on her civil action related to the property. (*Id.* at 16a.) Common pleas granted the Rule, and, per an affidavit of service filed with that court, Ms. James allegedly was served with the Petition and the Rule. (*Id.* at 19a, 24a-25a.) On July 7, 2015, common pleas issued a decree ordering the sale of the property at a sheriff's sale "clear of all claims, liens, mortgages, ground rents, charges, and estates, to the highest bidder." (Common Pleas Order, July 7, 2015.) Again, per an affidavit of service filed with common pleas, Ms. James allegedly was served with the decree. (Supplemental Reproduced Record at 4b-5b.) The record includes letters notifying various interested people and entities, including Ms. James, of a sheriff's sale of the property scheduled for January 18, 2017. (*Id.* at 6b.) The sheriff's sale occurred as scheduled, and the property was purchased by Kismit LLC (Kismit). The sheriff acknowledged the deed to the property on February 14, 2017, thereby requiring any challenge to the validity of the sheriff's sale of the property to be filed by May 14, 2017, three months after the sheriff's acknowledgment. 53 P.S. § 7193.3.

On February 27, 2017, Ms. James filed a Petition to Set Aside Sheriff Sale (February Petition to Set Aside) averring, in pertinent part, that: Mr. Aston's interest in the property derived from a fraudulent conveyance; he had no valid legal right to the property; and Ms. "James was not sent timely notice of the [s]heriff's [s]ale." (February Petition to Set Aside ¶¶ 5, 8, 10-11 (emphasis omitted).) She asserted the sale should be set aside because "settlement had not been made" by Kismit and that "[t]o permit the present sale to go through . . . would constitute, in the opinion of counsel . . . , a gross miscarriage of equitable justice." (*Id.* ¶ 12.) The City and Kismit responded, arguing relevant here, that Ms. James was not a party to the sheriff's sale proceedings and, therefore, lacked standing to file a

3

petition challenging the validity of that sale. By order dated April 3, 2017, common pleas denied the February Petition to Set Aside because Ms. James was not a party to the underlying proceedings and, as a result, lacked standing. Ms. James **did not appeal the April 3, 2017 order**.

On May 9, 2017, with five days remaining in the statutory period in which to challenge the validity of the sheriff's sale, Ms. James filed a Petition to Intervene. Although the period to timely challenge the sale was waning, the Petition to Intervene did not request expedited or emergency consideration from common pleas. Common pleas eventually granted the Petition to Intervene, but did not do so until July 19, 2017, more than two months after the statutory period to challenge the sale had expired. Ms. James then filed, more than 40 days after being allowed to intervene, the August Petition to Set Aside, which reiterated the averments in the February Petition to Set Aside. The City and Abid Gogolu, who had acquired Kismit's interest in the property, replied that the August Petition to Set Aside was untimely and the MCTLA's service requirements had been met.

A hearing on the August Petition to Set Aside was held on January 18, 2018. At that hearing, Ms. James argued about the alleged fraudulent conveyance of the property, confirmed that the address the City had for her was correct, and testified that she had not received any notice of the sheriff's sale proceedings despite the fact that she and her relationship to the property were known to the sheriff's office due to her ongoing communication with that office on the subject. (Hr'g Tr., Jan. 18, 2018, at 29-32, R.R. at 54a.) The City and Mr. Gogolu reiterated their positions that the August Petition to Set Aside was untimely and that the MCTLA's service requirements had been met. After taking the matter under advisement, common pleas denied the August Petition to Set Aside as untimely in

4

its January 19, 2018 Order.[5]  Ms. James now appeals from the January 19, 2018 Order.

On appeal,[6] Ms. James asserts arguments related to both the timeliness and the merits of her challenge to the sheriff's sale.  On the issue of timeliness, Ms. James argues it was error and an abuse of discretion for common pleas to find her challenge untimely because the court should have considered the operative petition to set aside the timely-filed **February** Petition to Set Aside, which she contends was erroneously denied.  (Ms. James' Brief (Br.) at 20.)  On the merits, Ms. James asserts the service and sheriff's sale procedures set forth in Sections 31.2[7] and 39.2[8] of the MCTLA, 53 P.S. §§ 7283 (setting forth procedures for sales of property for delinquent taxes within cities of the first class), 7193.2 (providing the requirements

---

[5] Additionally, common pleas stated:

> Even if the motion were [sic] timely, [Ms. James] has not shown proper cause to set aside the sale.  While Ms. James testified that she had not received notice of the original tax claim or other filings, affidavits of service evidencing service upon Ms. James at her admitted address were filed in connection with the . . . tax claim and the decree.  The court finds that service was proper and therefore denies the motion.

(Common Pleas Order, Jan. 19, 2018.)

[6] "Our review of [common pleas'] order in a tax sale matter is limited to considering whether [common pleas] erred as a matter of law, rendered a decision that is supported by evidence, or abused its discretion."  *City of Phila. v. Robinson*, 123 A.3d 791, 794 n.2 (Pa. Cmwlth. 2015).

[7] Added by Section 1 of the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283. One such requirement is that a hearing on the rule to show cause should be held.  *Id.*  We note that to the extent Ms. James argues in her brief to this Court that no hearing was held on the Petition, she did not include that as a reason for setting aside the sale in either of her petitions to set aside or raise it before common pleas.  Therefore, this issue is waived.  Rule 302 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

[8] Added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2.

for service and notice related to these sales), must be strictly followed, they were not followed here, and the sale should be set aside as invalid as a result.

In response, the City and Mr. Gogolu assert common pleas' denial of the August Petition to Set Aside as untimely is consistent with the plain language of Section 39.3 of the MCTLA. Ms. James' attempts to revive the February Petition to Set Aside, they argue, are without legal support because, among other reasons, she did not appeal the April 3, 2017 order denying that petition. The City points out that Ms. James' failure to appeal the April 3, 2017 order leaves this Court without jurisdiction to consider her belated arguments related to that order. Additionally, Mr. Gogolu maintains that the timeliness of the August Petition to Set Aside was the threshold issue and, once found to be untimely, no other issue need to have been addressed. Finally, both the City and Mr. Gogolu present arguments explaining why Ms. James' substantive claims are without merit.

Initially, we note that the **only order timely appealed** to this Court by Ms. James is common pleas' **January 19, 2018 Order** denying the August Petition to Set Aside as untimely. Section 39.3 of the MCTLA addresses when a challenge to the validity of a sale under that act must be filed and states:

> [a]ll parties wishing to contest the validity of any sale conducted pursuant to section 31.2 of this act[, 53 P.S. § 7283], **including the sufficiency of any notice**, and any party claiming to have an interest in the premises which was not discharged by the sale **must file a petition seeking to overturn the sale** or to establish the interest **within three months of the acknowledgment of the deed to the premises by the sheriff**.

53 P.S. § 7193.3 (emphasis added).

Here, the parties do not dispute that the sheriff's acknowledgment occurred on February 14, 2017. Thus, any challenge to the validity of the sale of the

property, including one based on the sufficiency of the notice, had to be filed by May 14, 2017. The only petition before common pleas and addressed by the January 19, 2018 Order was the August Petition to Set Aside. That petition was filed on August 30, 2017, more than six months after the sheriff's acknowledgment. Under the plain language of Section 39.3, the August Petition to Set Aside was untimely, and common pleas did not err or abuse its discretion in denying it on that basis.

Perhaps recognizing the untimeliness of the August Petition to Set Aside, Ms. James attempts to revive the February Petition to Set Aside, which was timely under Section 39.3, by arguing the earlier petition was erroneously denied in the April 3, 2017 order. She contends, therefore, that the February Petition to Set Aside should be considered the operative petition governing her challenge to the sheriff's sale. However, Ms. James **did not appeal** the denial of the February Petition to Set Aside. The failure to timely appeal the April 3, 2017 order renders it, as well her current arguments challenging the merits of that denial, beyond this Court's jurisdiction. *See* Pennsylvania Rule of Appellate Procedure 903(a), Pa.R.A.P. 903(a) (providing that an appeal from a final order "shall be filed within 30 days after the entry of the order"); *Reading Anthracite Co. v. Rich*, 577 A.2d 881, 886 (Pa. 1990) (holding that, because an "appeal period is statutorily imposed, it is mandatory on the courts and goes to our jurisdiction to hear and decide a controversy"); *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005) (stating "[t]he timeliness of an appeal is jurisdictional"). Thus, we cannot consider her belated efforts to appeal the April 3, 2017 order.

Finally, we observe that, in addition to not appealing the April 3, 2017 order, Ms. James did not act expeditiously following the denial of the February Petition

7

to Set Aside. Although more than a month remained in the three-month period following that denial, the Petition to Intervene was not filed until May 9, 2017, just five days before the end of that period. She did not seek expedited or emergency consideration of her intervention petition; thus, it was not granted until after the three-month period had expired. Even in filing the August Petition to Set Aside, Ms. James did not act promptly. She waited 40 days after she was allowed to intervene to file a petition that was nearly identical to her earlier petition. Thus, to the extent Ms. James asks the Court to utilize its equitable powers in this matter, we observe that "[e]quity aids the vigilant, not those who slumber upon their rights." *Northrup v. Pa. Game Comm'n*, 458 A.2d 308, 310 n.2 (Pa. Cmwlth. 1983) (quoting *Riley v. Boynton Coal Co.*, 157 A. 794, 795 (Pa. 1931)). Equity "is not a back door to be used when one sits on h[er] legal rights and lets them expire." *Dorfman v. Pa. Social Servs. Union – Local 668 of Serv. Emps. Int'l Union*, 752 A.2d 933, 938 (Pa. Cmwlth. 2000) (Flaherty, J., concurring).

For these reasons, common pleas did not err or abuse its discretion in denying the August Petition to Set Aside on the ground that it was untimely filed.[9] Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[9] Because of our disposition, we will not address Ms. James' arguments pertaining to the alleged non-compliance with the MCTLA's sheriff sale and notice requirements in this matter.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                  :
          v.              :   No. 249 C.D. 2018
                                  :
Mark Aston                :
                                  :
Janice James, Administratix of the  :
Estate of James L. McDonald,     :
Deceased                   :
                                  :
Appeal of: Janice James,        :
Administratix of the Estate of     :
James L. McDonald, Deceased    :

# O R D E R

NOW, December 6, 2018, the January 19, 2018 Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is **AFFIRMED**.

 

                                   _____

                                   **RENÉE COHN JUBELIRER,** Judge