543 Pa. 32 (1995)
669 A.2d 890
Frank S. KONYA, Appellant,
v.
DISTRICT ATTORNEY OF NORTHAMPTON COUNTY, Attorney General Ernie Preate and Special Prosecutor John Spirk, Appellees.
Supreme Court of Pennsylvania.
Submitted May 18, 1995.
Decided December 29, 1995.
*33 Frank S. Konya, Pro Se.
John F. Spirk, Easton, for D.A. Morganelli.
Jacqueline Jackson-DeGarcia, and John G. Knorr, III, Harrisburg, for Preate.
Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

OPINION ANNOUNCING THE JUDGMENT OF THE COURT
CASTILLE, Justice.
Two issues are raised in this appeal. The first issue is whether the Commonwealth Court properly dismissed appellant's complaint because of his failure to comply with the court's order directing him to amend his defective service of the complaint within a specified time. The second issue is whether a party is entitled to a writ of mandamus to force the Attorney General or District Attorney to prosecute a private criminal complaint against persons appellant believes are deserving of prosecution. Because we find that the Commonwealth *34 Court acted within its discretion in dismissing the complaint and because petitioner was not entitled to the relief sought regardless of the defective service, we affirm the Commonwealth Court's order.
The history underlying this action is that appellant Frank S. Konya was convicted of third degree murder in 1991 for the 1971 death of a three-year-old child and is presently serving a sentence of eight to sixteen years imprisonment. Following his conviction, appellant sought to file a private criminal complaint with the Northampton County District Attorney's Office alleging that three of the witnesses in the criminal trial had perjured themselves in that proceeding. After the District Attorney declined to prosecute, appellant filed a pro se petition for review in the Commonwealth Court, requesting the court to issue a writ of mandamus to compel the Attorney General and the District Attorney of Northampton County to initiate criminal proceedings against those witnesses.
Appellant served the complaint upon the Attorney General via first class mail. Under the appellate procedural rules of this Commonwealth, however,[1] appellant was required to serve his Petition for Review of the governmental unit's determination either in person or via certified mail. Accordingly, the Attorney General filed preliminary objections challenging the defective service and raising a demurrer to the substantive complaint.
The Commonwealth Court found that appellant's service of the complaint was defective under Pa.R.A.P. 1514(c), but that the defect was nevertheless curable since appellees had suffered no prejudice.[2] To afford appellant time in which to cure *35 the defective service, the Commonwealth Court ordered appellant to properly serve the Attorney General within fourteen days from March 14, 1994.[3] The Commonwealth Court also informed appellant that if the Attorney General was not served properly as required by Pa.R.A.P. 1514(c), that his petition would be dismissed.
Appellant disregarded this order and failed to serve the petition by certified mail until April 8, 1994, eleven days past the due date established by the order. Appellant offered no explanation for the delay or his violation of the Commonwealth Court's order. As a result, on April 8, 1994, the Commonwealth Court dismissed the petition.

I. DISREGARD OF COURT'S ORDER EXTENDING TIME FOR SERVICE

The first issue is whether the Court erred in dismissing the petition where appellant failed to cure the defective service of the complaint within the court-ordered extended deadline where no prejudice was suffered by the opposing party.[4] Whether a court may disregard a litigant's defective service of process or violation of its order is vested within the sound discretion of that court. See De Fazio v. Labe, 518 Pa. 390, 401, 543 A.2d 540, 546 (1988) (absent a finding of an abuse of discretion, trial court's rigid application of procedural rules will not be overturned on appeal). It is well settled that late service of a complaint may be overlooked by a court where there is no prejudice. Id.; Byard F. Brogan, Inc. v. Holmes Elec. Protective Co.; 501 Pa. 234, 241, 460 A.2d 1093, 1096 (1983); Gagliardi v. Lynn, 446 Pa. 144, 151, 285 A.2d 109, 112 (1971) (and cases cited therein); Awkakewakeyes, supra; National Solid Wastes, supra. In the present case the court *36 chose to overlook the defective service, and instead ordered proper service to be effected within a certain specified time period. It is not disputed that appellant did not comply with the court's order. Appellant nevertheless argues that the Commonwealth Court abused its discretion in dismissing his complaint since the parties suffered no prejudice.
To require the Commonwealth Court to overlook appellant's failure to comply with a court order and to accept service which is filed beyond the court-ordered extended deadline for amended service would be to countenance the dilatory actions of litigants who blatantly disregard court orders. We see no reason to adopt a per se rule that, as long as no prejudice is suffered by untimely service, a court order can be disregarded. In fact, if we were to adopt such a per se rule, we would be hindering the orderly disposition of cases before the courts of the Commonwealth and injecting into well-grounded procedure an element of uncertainty were there should be none. Accordingly, we discern no abuse of discretion by the Commonwealth Court in dismissing appellant's petition under these facts.

II. PROPRIETY OF WRIT OF MANDAMUS TO COMPEL PROSECUTION

The second issue is whether, even if the Court had accepted the late service, petitioner was entitled to a writ of mandamus to compel the Attorney General or the District Attorney to prosecute the individuals named in the complaint. "[M]andamus is an extraordinary writ which will only lie to compel official performance of a ministerial act or a mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy." Pennsylvania Dental Ass'n v. Commonwealth Insurance Department, 512 Pa. 217, 227, 516 A.2d 647, 652 (1986).
This Court recently stated in Commonwealth v. Stipetich, 539 Pa. 428, 652 A.2d 1294 (1995), that:
[D]istrict attorneys, in their investigative and prosecutorial roles, have broad discretion over whether charges should be *37 brought in any given case. "A District Attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to continue or discontinue a case."
Id. at 430, 652 A.2d at 1295, citing Commonwealth v. DiPasquale, 431 Pa. 536, 540-41, 246 A.2d 430, 432 (1968). A writ of mandamus "cannot be used to control the exercise of discretion or judgment by a public official. . . ." Pennsylvania Dental Ass'n, supra. Because the decision to prosecute based upon a criminal complaint is discretionary and that discretion is placed in the hands of the duly-elected District Attorney or the Attorney General, Pa.R.Crim.P. 106(a), appellant has no legal right to compel the Attorney General or a District Attorney to prosecute the individuals named in the private criminal complaint. Therefore, mandamus would be inappropriate.
For the foregoing reasons, the order of the Commonwealth Court dismissing appellant's petition is affirmed.
ZAPPALA, J., files a concurring opinion, in which Mr. CAPPY, J., joins.
NIX, C.J., and MONTEMURO, Senior Justice, who participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f), concur in the result.
ZAPPALA, Justice, concurring.
I agree that the Commonwealth Court did not abuse its discretion in dismissing the complaint upon the Appellant's failure to correct the defective service within the time allowed by order of that court. Hence, I join in affirming for the reason stated in Part I of Mr. Justice Castille's Opinion. As this suffices to dispose of the appeal, Part II of the Opinion is clearly dictum, and I express no view with respect to the analysis therein.
CAPPY, J., joins this concurring opinion.
NOTES
[1] Pa.R.A.P. 1514(c)
[2] See, Awkakewakeyes v. Commonwealth, Dep't of Corrections, 142 Pa. Commw. 232, 597 A.2d 210 (1991) (where department filed preliminary injunction because petitioner failed to properly serve department, court may direct petitioner to effect proper service within fourteen days); National Solid Wastes Management Ass'n v. Casey, 135 Pa.Commw. 134, 580 A.2d 893 (1990), aff'd, 533 Pa. 97, 619 A.2d 1063 (1993) (where petitioner initially made improper service, but amended service prior to court's action on preliminary injunctions, and no prejudice was suffered by Governor or Department, court may disregard originally defective service).
[3] This grace period was consistent with the order of the Commonwealth Court in Awkakewakeyes, in which the court also granted appellant fourteen days in which to make service in compliance with Pa.R.A.P. 1514(c). Supra at 234, 597 A.2d at 211.
[4] Appellant does not raise any issues regarding the dismissal of the complaint against the District Attorney for improper service.