J-A27043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HEATHER BAUMGARDNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOFITEL AND ACCOR NORTH | : | No. 3191 EDA 2016 |
| AMERICA, INC. AND ACCOR | : | |
| BUSINESS AND LEISURE NORTH | : | |
| AMERICA, INC. AND NOVOTEL | : | |
| HOTELS USA, INC. AND ACCOR | : | |
| NORTH AMERICA CORPORATION | : | |
| AND ACCOR BUSINESS AND | : | |
| LEISURE MANAGEMENT, LLC AND | : | |
| ACCOR S.A. AND BRE EVERBRIGHT | : | |
| M6 LLC AND CHRISTOPHER WERELY | : | |

Appeal from the Judgment Entered August 29, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  December Term, 2013  No. 3809

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 16, 2019**

Heather Baumgardner appeals from the judgment entered on August 29, 2016, awarding her $25,000 in punitive damages after a jury trial. Baumgardner maintains that the trial court erred by dismissing her post-trial motion wherein she sought a judgment notwithstanding the verdict ("JNOV") or a new trial. Specifically, she argues that the jury returned an impermissible verdict contrary to the trial court's directed verdict and contends that the trial court improperly declined to admit evidence of certain prior "bad acts" by an employee of Appellees, Accor Business and Leisure Management, LLC, the

J-A27043-18

owner and operator of the hotel, and Accor S.A., the parent company (hereinafter "Sofitel Defendants"). We affirm on the basis on the trial court's opinion.

The trial court set forth the facts established at trial as follows:

[O]n November 11, 2012, [Baumgardner], was alone and asleep in her rented Sofitel Hotel room following her birthday party which took place earlier that evening in the City of Philadelphia. [Baumgardner] had been drinking and fell asleep in her room after she and her fiancé had an argument. He left the hotel and went back to his home. After her fiancé had left, but before she had fallen asleep, she was in communication with her male friend, Christopher Werley, who then came to the hotel to visit her. Whether Werley was invited by [Baumgardner] as he claimed or he showed up at the hotel on his own as claimed by [Baumgardner] was a matter of dispute for the jury to decide.

Upon his arrival at the [Sofitel Defendant's] hotel, Werley could not get in contact with [Baumgardner] by calling her cellphone, as a result, he informed the hotel staff of the situation. Sofitel employees, Michael Davis and Elgin Scott, knocked on the door to [Baumgardner's] room, but she did not answer. Thereafter, they opened the room's door using an all-access electronic keycard but the safety chain was in place, thereby preventing their entry. They called out for [Baumgardner] through the opened but chained door, but did not receive an answer. They could, however, see [Baumgardner's] feet on the bed. At that point, out of concern for [Baumgardner's] well-being, bolt cutters were used to cut the security chain and they gained access to the room.

The Sofitel employees then left the room, but permitted Werley to remain therein. When [Baumgardner] later awoke, she saw Werley in the room, but not realizing it was him at first, became startled and scared, believing that a stranger was in her room. Based upon these facts, [Baumgardner] claimed she suffered personal injuries as a result of the negligence and outrageous conduct of the [Sofitel Defendants] and Mr. Werley.

Tr. Ct. Op., 4/5/18, at 1-2 (footnote omitted).

- 2 -

Prior to trial, the Sofitel Defendants filed a motion *in limine* to preclude evidence of the prior conduct of employee Davis. The trial court granted the motion without prejudice and specifically provided Baumgardner with the right to introduce this evidence if deemed relevant at trial. At trial, the trial court granted Baumgardner's motion for a directed verdict, finding that the Sofitel Defendants were negligent as a matter of law. Therefore, the issues left for the jury to decide were: 1) whether the Sofitel Defendant's negligence had caused any compensable injury to Baumgardner and 2) whether punitive damages were warranted.

The verdict slip, which had been agreed to by both Baumgardner and the Sofitel Defendants, mistakenly provided an opportunity for the jury to indicate if either Accor Business and Leisure Management, LLC or Accor S.A. were negligent, despite the trial court's directed verdict. While the jury indicated that it believed Accor S.A. was negligent, the jury found Accor Business and Leisure Management, LLC was not negligent. However, the jury also found that any such negligence did not cause Baumgardner any compensable injury and therefore did not make any monetary award therefrom. Moreover, the jury found that Accor S.A. had acted with reckless indifference toward Baumgardner's safety and thus awarded her $25,000.00 in punitive damages. Baumgardner did not object to either the verdict slip or the verdict itself at trial.

Baumgardner filed a timely post-trial motion on May 19, 2016, challenging, *inter alia*, the verdict. After the trial court inadvertently issued an

order denying the motion on May 20, 2016, the court issued an order vacating the previous order and directing the parties to each file a memorandum of law within a 30-day period. A delay ensued and the trial court noted that the court reporter did not make the trial transcript available until July 19, 2016. Therefore, in light of its prior order, the court considered August 19, 2016 to be Baumgardner's due date for her memorandum of law. When Baumgardner's counsel did not file a brief by August 22, 2016, the court entered an order denying Baumgardner's post-trial motion.[1] After judgment was entered, Baumgardner filed a motion for reconsideration that the trial court denied. The instant timely appeal followed.

Baumgardner raises the following issues for our review:

1. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it failed to grant a JNOV and order a new trial after the Court granted a directed verdict as to negligence, but returned a verdict inconsistent therewith, thereby not reaching the question of proximate cause, as it should have?

2. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it precluded evidence of [Sofitel Defendants'] past conduct, including serious and outrageous safety violations as discovered in the employment file of Michael Davis, the security supervisor who gained access into [Baumgardner's] hotel room for intruder Christopher Werley?

3. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it prematurely denied [Baumgardner's] post-trial motion on August 22, 2016, based

_____

[1] Baumgardner's counsel contends that she did not receive the trial transcript until August 9, 2016, and thus considered her deadline to be September 8, 2016. Counsel also indicates that she had a death in the family over this time period.

- 4 -

upon the erroneous proposition that the trial transcripts were made available to [Baumgardner's] counsel on July 19, 2016 when [Baumgardner] did not receive the transcripts until August 9, 2016.

4. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it prematurely denied [Baumgardner's] Motion for Reconsideration of the Court's August 22, 2016 Order, based upon the extraordinary circumstances cited therein, including the death of trial counsel's father during the thirty (30) day briefing schedule and the detailed timeline of events and correspondence relating to the transcription of the trial testimony?

Baumgardner's Br. at 4-5.

We begin by noting that we will reverse an order denying a motion for JNOV only if the "trial court abused its discretion or committed an error of law that controlled the outcome of the case." *Sears, Roebuck & Co. v. 69th Street Retail Mall, L.P.*, 126 A.3d 959, 967 (Pa.Super. 2015) (quoting *Thomas Jefferson Univ. v. Wapner*, 903 A.2d 565, 569 (Pa.Super. 2006)). "Abuse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or [ill will]." *Id.* (quoting *Thomas Jefferson Univ.*, 903 A.3d at 569) (brackets in original). Moreover, it is axiomatic that "trial courts have broad discretion to grant or deny a new trial." *Harman v. Borah*, 756 A.2d 1116, 1121 (Pa. 2000).

Also germane to this case is the well-settled legal precept that failure to object to a flawed jury verdict prior to a jury's dismissal precludes a challenge to the verdict in post-trial motions. *See Stapas v. Giant Eagle, Inc.*, 198 A.3d 1033, 1041 (Pa. 2018) (holding that where both parties to litigation

approved verdict sheet and did not object to verdict before jury dismissed, post-trial objections to verdict were waived); Pa.R.C.P. 227.1(b)(1) ("post-trial relief may not be granted unless the grounds therefore, (1) if then available, were raised in pre-trial proceedings or by motion, objection . . . or other appropriate method at trial."

Baumgardner also challenges the trial court's granting of Sofitel's motion *in limine*, albeit without prejudice. We review a trial court's evidentiary rulings under an abuse of discretion standard. ***Brady v. Urbas***, 111 A.3d 1155, 1161 (Pa. 2015). As aptly noted by the trial court, under Pennsylvania's Rules of Evidence, prior "bad acts" are not admissible to prove a person's character but may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b).

In this case, the trial court concluded: (1) Baumgardner waived her challenge to the jury's verdict by failing to object at the time of trial prior to the jury's dismissal; (2) The trial court properly granted the Sofitel Defendant's motion *in limine* where evidence of employee's prior conduct was not relevant because the acts at issue were not substantially similar to the past acts; and (3) The trial court did not err by dismissing Baumgardner's post-trial motion as untimely and, in any event, the court determined the motion did not warrant relief on the merits.

After a thorough review of the record, the briefs of the parties, and the applicable law, we affirm on the basis of the well-reasoned opinion of the

Honorable Angelo J. Foglietta, which we adopt and incorporate herein. **See** Tr. Ct. Op., at 8-11, 13-14.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| HEATHER BAUMGARDNER | : | CIVIL TRIAL DIVISION |
|  | : |  |
|  | : | DECEMBER TERM, 2013 |
| v. | : |  |
|  | : | NO.: 3809 |
|  | : |  |
| ACCOR LEISURE; SOFITEL, et al | : | 3191 EDA 2016 |

**OPINION OF THE TRIAL COURT**

This is the appeal of Heather Baumgardner from a verdict entered in her favor in the amount of $25,000.00 following an eleven day jury trial. The jury awarded the Appellant no damages other than punitive damages against the Appellees.

After the verdict was recorded, Appellant, through counsel, filed timely post-trial motions, which were eventually denied due to Appellant's counsel's failure to comply with this Court's briefing schedule. Thereafter, an appeal was taken on September 27, 2016 from this Court's Order of August 22, 2016 in which Appellant's Post-trial Motion was denied.

Although Appellant filed her Notice of Appeal in excess of the 30 day requirement of Pa.R.A.P. 903, this appeal is to be deemed timely, as "an appeal properly lies from the entry of judgment, not from the denial of post-trial motions." *Hall v. Jackson*, 788 A.2d 390 (Pa.Super.2001). Since this Court did not enter judgment in Appellees' favor in its Order of August 22, 2016, the appeal period began to run from the date a judgment was entered on the docket, i.e., August 29, 2016, when Appellees filed a Praecipe to Enter Judgment on the Verdict in the amount of $25,000.00. Rule 236 notice was sent on that same date to all parties.

Baumgardner Vs Sofitel Etal-OPFLD



13120380900272

Factually, on November 11, 2012, Heather Baumgardner, was alone and asleep in her rented Sofitel Hotel room following her birthday party which took place earlier that evening in the City of Philadelphia. Ms. Baumgardner had been drinking and fell asleep in her room after she and her fiancé had an argument. He left the hotel and went back to his home. After her fiancé had left, but before she had fallen asleep, she was in communication with her male friend, Christopher Werley[1], who then came to the hotel to visit her. Whether Werley was invited by the Appellant as he claimed or he showed up at the hotel on his own as claimed by Appellant was a matter of dispute for the jury to decide.

Upon his arrival at the Appellees' hotel, Werley could not get in contact with Appellant by calling her cellphone, as a result, he informed the hotel staff of the situation. Sofitel employees, Michael Davis and Elgin Scott, knocked on the door to Appellant's room, but she did not answer. Thereafter, they opened the room's door using an all-access electronic keycard but the safety chair was in place, thereby preventing their entry. They called out for the Appellant through the opened but chained door, but did not receive an answer. They could, however, see the Appellant's feet on the bed. At that point, out of concern for Appellant's well-being, bolt cutters were used to cut the security chain and they gained access to the room.

The Sofitel employees then left the room, but permitted Werley to remain therein. When the Appellant later awoke, she saw Werley in the room, but not realizing it was him at first, became startled and scared, believing that a stranger was in her room. Based upon these facts, Appellant claimed she suffered personal injuries as a result of the negligence and outrageous conduct of the Appellees and Mr. Werley.

On appeal, Appellant raises the following claims of error:

---

[1] Werley was also a named defendant in this case.

2

1. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it failed to mark the verdict sheet in accordance with the granting of a directed verdict as to the Question "Was Accor Business and Leisure Management, LLC negligent?", which permitted the jury to make a finding to the contrary of the directed verdict, thereby not reaching the question of proximate cause as it should have?

2. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it failed to order a new trial after granting a directed verdict on the Question "Was Accor Business and Leisure Management, LLC negligent?" and the jury failed reach a verdict in accordance, thereby not reaching the question of proximate cause as it should have?

3. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it failed to order a judgement notwithstanding the verdict when the Verdict Sheet question "Was Accor Business and Leisure Management, LLC negligent?" was answered by the jury to the contrary of the directed verdict?

4. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it entered judgment on the verdict based upon a verdict sheet contrary to the directed verdict?

5. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it precluded evidence of Defendants past conduct, including serious and outrageous safety violations as discovered in the employment file of Michael Davis, the security supervisor who gained access into Heather Baumgardner's hotel room for intruder Christopher Werley?

6. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it overruled Plaintiff's objections to Defense Counsel's use of leading questions during direct examination for almost every area of inquiry to each and every one of Defendant's witnesses, including Vincent Vienne, Michael Davis, Christian Flaesch, and Elgin Scott?

7. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it prematurely denied Plaintiff's Post-Trial Motion on August 22, 2016, based upon the erroneous proposition that the trial transcripts were made available to Plaintiff's counsel on July 19, 2016 when Plaintiff did not receive the transcripts until August 9, 2016?

8. Whether the Philadelphia Court of Common Pleas erred or abused its discretion when it prematurely denied Plaintiff's Motion for Reconsideration of The Court's August 22, 2016, based upon the extraordinary circumstances cited therein, including the death of trial counsel's father and the detailed time

line of events and correspondence relating to the transcription of the trial testimony?

In this case, the verdict was recorded on May 2, 2016. Rule 236 Notice was given on May 3, 2016. Appellant filed her Post-trial Motion on May 9, 2016, to which appellees filed a response on May 19, 2016. Inadvertently, this Court issued an Order, dated May 20, 2016 denying Appellant's Post-trial Motion, which was vacated by this Court on June 7, 2016[2]. Said Order stated:

| 09-JUN-2016 04:48 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | FOGLIETTA, ANGELO | 09-JUN-2016 12:00 AM |
|---|---|---|---|
| **Documents:** | ORDER_257.pdf | | |
| **Docket Entry:** | 95-16051395 IT IS ORDERED THAT THIS COURT'S ORDER OF MAY 20, 2016, DENYING PLAINTIFF'S MOTION FOR POST TRIAL RELIEF IS VACATED. PURSUANT TO PA.R.CIV.P. 227.1, PLAINTIFF SHALL FILE A POST-TRIAL MEMORANDUM OF LAW ADDRESSING THE ISSUES RAISED IN HER POST-TRIAL MOTION WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER. DEFENDANTS SHALL FILE A RESPONSE MEMORANDUM WITHIN THIRTY (30) DAYS FROM THE DATE OF PLAINTIFF'S FILING. THEREAFTER, THIS COURT WILL SCHEDULE ORAL ARGUMENT WITHIN THIRTY (30) DAYS ON A DATE AND TIME CONVENIENT FOR ALL PARTIES. ...BY THE COURT; FOGLIETTA, J. 6-7-16 | | |

This Court was thereafter advised by Adrian Baule, the court reporter, that the trial transcripts were available to all counsel of record for all of the parties on July 19, 2016.[3] Therefore, in light of this Court's prior Order, Appellant's counsel had until August 19, 2016 to file her Brief in Support of her Motion.

As indicated by Mr. Baule, the transcripts were emailed to Appellant's counsel on August 9, 2016, ten (10) days before the brief deadline due date. On August 22, 2016, this Court performed

---

[2] Docketed June 9, 2016 with Rule 236 Notice the same date.
[3] See email chain of August 15, 2016 between this Court's staff and the Court Reporter attached hereto.

a check of the Court Docket, which revealed that Appellant had failed to comply with this Court's

Order and, as a consequence, this Court entered the following Order[4] on that date:

| 22-AUG-2016 12:01 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | FOGLIETTA, ANGELO | | 22-AUG-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ORDER_259.pdf | | | |
| Docket Entry: | 95-16051395 UPON CONSIDERATION OF THE PLAINTIFF'S POST TRIAL MOTION AND THE DEFENANT RESPONSE THERETO, IS IS HEREBY ORDERED AND DECREED THAT THE PALINTIFF'S MOTION IS DENIED. ON JUNE 7, 2016, THIS COURT ISSUED AN ORDER REQUIRING PLAINTIFF TO FILE HER MOTION FOR POST TRIAL RELIEF WITHIN 30 DAYS FROM THE RECEIPT OF NOTICE OF THE AVAILABILITY OF THE TRIAL TRANSCRIPTS. THIS COURT WAS ADVISED THAT THE COURT REPORTER, ADRIAN BAULE, HAD ADVISED THE ATTORNEYS OF RECORD FOR THE PARTIES THAT THE TRIAL TRANSCRIPTS WERE MADE AVAILABLE ON JULY 19, 2016. BASED ON THIS COURT'S ORDER OF JULY 7, 2016, PLAINTIFF HAD UNTIL AUGUST 19, 2016 TO WHICH TO FILE HER MOTION FOR RELIEF. A REVIEW OF THE DOCKET ON THIS DATE SHOWS NO EVIDENCE OF SUCH FILING AND, THEREFORE, PLAINTIFF'S MOTION FOR POST-TRIAL RELIEF IS HEREBY DENIED FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER. ...BY THE COURT: FOGLIETTA, J. | | | |
| 22-AUG-2016 12:01 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | | 22-AUG-2016 12:19 PM |
| Docket Entry: | NOTICE GIVEN ON 22-AUG-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 22-AUG-2016. | | | |

Prior to the entry of the above Order, there were no requests for an extension of time to file

her supporting brief from Appellant or her counsel. Further, counsel failed to advise this Court of

the difficulty allegedly involved in obtaining the trial transcripts (although they possessed them

before the due date) and further failed to advise this Court of the personal matters which may have

warranted an extension of time if so requested.

Further, Appellant's counsel sets forth circumstances of a personal matter involving the

passing of his father, however, failed to set forth any reason why his law partner and counsel of

---

[4] Rule 236 Notice was also dated August 22, 2016.

5

record, Michael O. Pansini, Esquire, or other counsel within Appellant's attorney's office failed to take any action and/or seek this Court's involvement. The August 19, 2019 deadline passed without any action on or before that date, and this Court reasonably concluded that Appellant's counsel had failed to comply with the time constraints of the June 9, 2016 Order.

A court has inherent power to enforce its own orders, and an appellate court should not interfere with the enforcement absent an abuse of discretion. ***Commonwealth v. Shaffer***, 551 Pa. 622, 712 A.2d 749 (1998). A court need not overlook a party's failure to comply with its order or accept payment of costs tendered beyond the court-ordered deadline. See ***Konya v. District Attorney***, 543 Pa. 32, 669 A.2d 890 (1995).

This Court did not abuse its discretion when dismissing Appellant's post-trial motion for her failure to comply with the scheduling order. Courts possess the inherent power to enforce their orders by imposing penalties and sanctions on parties that fail to comply. ***Brocker v. Brocker***, 241 A.2d 336, 338 (Pa. 1968).

On August 29, 2016, Appellees filed their Praecipe to Enter Judgment on the Verdict in the amount of $25,000.00. Four days later, on September 2, 2016, Appellant filed a Motion for Reconsideration of this Court's August 22, 2016 Order. Appellees filed their Reply on September 14, 2016. Thereafter, Appellant's Motion was denied by this Court on September 21, 2016, with a Rule 236 Notice of the same date.

On September 27, 2016, Appellant filed her Notice of Appeal to the Superior Court, stating:

6

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Heather Baumgardner, hereby appeals to the Superior Court of Pennsylvania from a Judgment entered on August 29, 2016 and an Order entered on September 21, 2016, and reflected in the docket entries attached hereto as Exhibit "A".

Respectfully submitted,

PANSINI & MEZROW

DATE:    September 26, 2016          BY:    /s/ MICHAEL O. PANSINI
                                            MICHAEL O. PANSINI, ESQUIRE
                                            STEVEN M. MEZROW, ESQUIRE
                                            GREGORY J. KOWALSKI, ESQUIRE
                                            ADAM C. DAVIS, ESQUIRE
                                            Attorneys for Plaintiff

The first four (4) issues raised by the Appellant in her Statement of Matters Complained of on Appeal are to be deemed waived, as Appellant's counsel failed to timely object to the jury's verdict at the time it was recorded. Further, the issues raised are a misrepresentation of the actual taking of the verdict and the jury's findings.

This Court did, in fact, direct a verdict in Appellant's favor[5] and against Appellees. The issues left for the jury to decide would be if Appellees' negligence was a factual cause in bringing about Appellant's harm, the amount of compensatory damages, if any, and, if warranted, punitive damages, as the jurors were instructed during the jury charge that the Appellees were negligent as a matter of law.[6]

When the jury reached its verdict, it found that neither Appellee's negligence was a factual cause in bringing about the harm Appellant had claimed, and, therefore, there was no need for the jury to address the issue of Appellant's compensatory damages. The jury did find, however, that

---

[5] N.T., 04-28-16, P. 38, L.22 – P. 40, L. 25.
[6] N.T., 04-28-16, P. 83, L. 16-25.

7

appellee, Accor, S.A., alone had acted with reckless indifference towards Appellant's safety and awarded her $25,000.00 in punitive damages.

After the verdict was taken from the Foreperson, the jury was polled at the request of Appellant's counsel, which revealed a unanimous verdict by the jury. Upon completion of the verdict, it was recorded accordingly and the jury was dismissed. At no point prior to the jury's dismissal did any counsel object to the verdict as taken or recorded and, therefore, court was adjourned and the trial of the matter concluded. N.T., 04-29-2016, P. 59, L. 14. to P. 65, L. 17.

Since there was no objection made at trial prior to the dismissal of the jury, Appellant has waived these issues on appeal. The law on this exact issue is very well established: "in order for a claim of error to be preserved for appellate review, a party must make a timely and specific objection before the trial court at the appropriate stage of proceedings; the failure to do so will result in a waiver of the issue." *Kaufman v. Campos*, 2003 PA Super 229, 827 A.2d 1209, 1212. Only those issues which have been properly preserved at trial by way of a specific objection may be considered on appeal. *Tagnani v. Lew*, 426 A.2d 595, 596 (Pa. 1981); *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114, 117 (Pa. 1974).

Pa.R.C.P. 227.1 controls in this situation and states "post-trial relief may *not be granted* unless the grounds therefore, (1) if then available, were raised in pre -trial proceedings or by motion, *objection ... or other appropriate method at trial."* Pa.R.C.P. 227.1(b)(1). [Emphasis added.] Further, the Note to this Rule clearly affords Appellant no relief here, as it specifically states that if no objection is made, then an *"error which could have been corrected ... during trial by timely objection may not constitute a ground for post-trial relief."* *Id.*, Subcommittee Note. [Emphasis added.]

8

Without a timely objection to the verdict, this Court was unable to address any concerns by Appellant's counsel as to his perceived defect in the verdict which could have been easily corrected. Had an objection been made prior to the dismissal of the jurors, the issue could have been preserved on the record, the jury advised of a mistake (if this Court did determined a mistake was made) and then sent out to re-deliberate the issue after further instruction.

Given the failure to timely raise an objection allowed this verdict to be recorded and the jury dismissed. As such, this Court was not given an opportunity to possibly address and correct the issue. In light of the foregoing, these claims of error are to be deemed waived and no relief can be afforded the Appellant.

As for Appellant's fifth claim that this Court erred when it failed to permit into evidence the Defendants' past conduct, including serious and outrageous safety violations, is also without merit, as this issue was initially addressed in a motion in limine filed by the Appellees in seeking to prohibit such evidence for the jury's consideration.

Based upon the Appellees' motion and Appellant's reply, this Court ruled that the Appellant was precluded from introducing evidence and/or testimony concerning these other incidents based, in part, on the fact that the Appellant had failed to meet her burden to establish that the other incidents were substantially similar to the incident in question and were therefore relevant to the matters at issue.

This Court determined that the disciplinary action taken against Appellee's employee, Elgin Davis on these prior occasions had nothing to do with issues of guest safety but instead addressed his failure to properly carry out his duties in the aftermath of two incidents that had occurred at the hotel in 2008. In this instance, Mr. Davis' post-incident conduct was not at issue before the jury since the claims presented by Appellant involved his actions in regard to entering

9

the Appellant's room and permitting Mr. Werley to remain after he left. This Court emphasized this fact as further evidence that the specifics of the other incidents were irrelevant. Nevertheless, this Court granted the Defendants' Motion without prejudice and provided the Appellant with the right to introduce the records if it was determined to be relevant at trial.

During trial, Appellant was afforded great latitude with regard to eliciting testimony concerning Mr. Davis' disciplinary record. Plaintiff was permitted to introduce testimony regarding the fact that Mr. Davis had in the past been disciplined for multiple infractions of hotel policies and had not been terminated. The jury was free to consider this testimony and, apparently having done so, found that Appellees had acted with reckless indifference towards Appellant's safety and awarded punitive damages as a result.

Further, Appellant's own security expert witness, Russell Kolins, testified that the Appellees gave only "lip service" on the issue of guest safety. The jury had every right to credit this testimony and apparently did so, as demonstrated by its decision to award punitive damages in favor of Plaintiff and against Appellees.

Evidentiary decisions made by the trial court are reviewed for abuse of discretion. *See Brady v. Urbas*, 111 A.3d 1155, 1161 (Pa. 2015). "An abuse of discretion occurs where the court reaches a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias, or ill will. Merely that an appellate court might have reached a different conclusion is insufficient to demonstrate an abuse of discretion." *Com. v. Wright*, 621 Pa. 446, 462, 78 A.3d 1070, 1080 (2013) (citation omitted).

Pa.R.E. 404 governs this particular instance, in particular:

> **(b) Crimes, Wrongs or Other Acts.**
>
> *(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show

10

that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

This Court determined that the other incidents of *post-event conduct* were irrelevant for the purpose intended by the Appellant since they showed acts on a particular occasion prohibited under 404(b)(1) and did not reveal a permitted use under 404(b)(2).

In light of the foregoing, it was determined that this evidence was irrelevant, and that its prejudicial effect outweighed its probative value in light of the facts. Evidence is relevant if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Pa.R.E. 401. Irrelevant evidence is inadmissible, and relevant evidence "is admissible except as otherwise provided by law." Pa.R.E. 402. The "except as otherwise provided by law" qualifier includes the principle that relevant evidence may be excluded "if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Had the prior issues involving Mr. Davis' actions involved his pre-incident or incident activities, then this evidence would have been relevant and admissible, however, given that there were no similar pre-incident occurrences involving Mr. Davis, the preclusion of this evidence was not an abuse of discretion or an error of law. Therefore, Appellant is not entitled to relief on this issue.

11

Appellant's sixth claim of error is also without merit. Appellant claims that there was an abuse of discretion by this Court permitting Appellees' counsel to use leading questions during direct examination of their witnesses.

The mode and manner of witness examination in governed by Pa.R.E. 611, which states:

> **(a) Control by the Court; Purposes**. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
> (1) make those procedures effective for determining the truth;
> (2) avoid wasting time; and
> (3) protect witnesses from harassment or undue embarrassment.
>
> …
>
> **(c) Leading Questions.** Leading questions should not be used on direct or redirect examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
> (1) on cross-examination; and
> (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party. A witness so examined should usually be interrogated by all other parties as to whom the witness is not hostile or adverse as if under redirect examination.

The allowance of leading questions is a matter within the trial court's discretion. *Katz v. St. Mary Hosp.*, 816 A.2d 1125, 1128 (Pa. Super. Ct. 2003). Any error in this Court's allowance of leading questions during direct examination was harmless error, as none of the elicited responses were of such a character that the information would not have come into evidence but for the leading format. *Cf. Katz,* supra.

A court's tolerance or intolerance of leading questions will not be reversed absent an abuse of discretion. *Katz,* supra. Aside from a blanket claim of improperly elicited testimony, Appellant has failed to cite any portion of the record which she believes such allegedly elicited testimony resulted in any prejudice to her or that the testimony would not have otherwise been elicited

12

through longer and drawn out questioning, which could be deemed an abuse of discretion. Any error made in this claim on appeal was harmless in nature and did not result in any prejudice.

The harmless error doctrine underlies every decision to grant or deny a new trial. A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake. *See Stewart v. Motts*, 539 Pa. 596, 654 A.2d 535, 540 (1995); *Commonwealth v. Faulkner*, 528 Pa. 57, 595 A.2d 28, 39 (1991), *cert. denied*, 503 U.S. 989, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992); *Commonwealth v. Ryder*, 467 Pa. 484, 359 A.2d 379, 382 (1976). Once again, Appellant has failed to meet her burden and is therefore not entitled to relief.

Appellant's seventh and eighth issues on appeal can be addressed together. It is this Court's determination that no error was committed in denying her Post-Trial Motion or her Motion for Reconsideration based upon the time line of events set forth above. The Orders issued in regard to filings related to briefing the port-trial motions were clear and unambiguous.

Further, the Court was not advised of issues involving the alleged delay in the production of the transcripts or in meeting filing deadlines due to personal circumstances. Appellant's counsel failed to comply with a Court Order by failing to timely file a post-trial brief within the prescribed deadlines, however, given that the trial transcripts were made *available* for counsel as of July 19, 2016, there was not a breakdown of court operations in producing the transcripts for purchase. It was Appellant's counsel's own acts in delaying their receipt of the transcripts from their availability date to the date that they were electronically mailed on August 9, 2016 given their uncertainty as to which portions of the transcript they deemed necessary. It was Appellant's counsel's procrastination which resulted in a loss of twenty (20) days of review and drafting, not

13

this Court's. Therefore, there was not an abuse of discretion in denying the Appellant's post-trial motion for failure to timely file her brief. *Cf. **Freeman v. Bonner***, 2000 PA Super 317, 761 A.2d 1193 (2000). (Counsel's absence from jurisdiction attending to terminally ill parent did not amount to non-negligent happenstance to justify nunc pro tunc relief from judgment upon praecipe, where counsel did not file memorandum in support of post trial motion to strike non-suit of medical malpractice claim, and then did not arrange for substitute counsel or advise client to seek new counsel to pursue motion.)

Further, Appellant's post-trial motion failed to contain a request designating that portion of the record to be transcribed in order to enable the court to dispose of the motion. Since no portion was specifically indicated, the transcription of the record was deemed unnecessary to the disposition of the motion from the Court's standpoint. See Pa.R.C.P. 227.3.

Even if this Court did err in denying the motion on a premature basis, said error was harmless in nature, as this Court had still considered the merits of each of the arguments set forth in Appellant's motion, the Appellee's reply, its own notes from the trial and its Orders. Based upon this review, this Court determined that the issues raised by her did not warrant the award of a new trial or JNOV for the reasons set forth above. The issues presented did not contain complex issues of law, require in depth review of the record or the evidence, or any other factors that would have prevented this Court from denying Appellant's post-trial motion in its original Order of May 20, 2016. Despite vacating that Order and issuing a Revised Order on June 7, 2016, the fact remains that this Court did review the Appellant's motion on its merits and whether the matter was timely briefed, re-reviewed and argument conducted, absent a change in the law, the outcome would have been the same, i.e., a denial of the claims for JNOV or a new trial, as these remedies were not to be awarded to the Appellant for the reasons set forth herein.

14

In light of the foregoing, this Court's denial of the Appellant's Motion for Post-Trial Relief and her Motion for Reconsideration were proper and it is requested that this Court's rulings be affirmed on appeal.

**BY THE COURT:**

_____ J.
ANGELO J. FOGLIETTA

Date: April 5ᵗʰ, 2018

## Certificate of Service

On this date, the **5th day of April, 2018**, a true and correct copy of the attached

Supplemental 1925(b) Opinion was filed by this Court with the Civil Appeals Unit for service

upon the counsel listed below via the Court's electronic filing system:

**Steven Mezrow, Esq.**

1525 Locust St - 15th Fl

Philadelphia, PA 19102


**Thomas P. Wagner, Esq.**

Marshall, Dennehey

2000 Market Street - Suite 2300

Philadelphia, PA 19103


_____ J.

ANGELO J. FOGLIETTA

## Tom Muldoon

| | |
|---|---|
| **From:** | Baule, Adrian <adrian.baule@courts.phila.gov> |
| **Sent:** | Monday, August 15, 2016 11:52 AM |
| **To:** | Muldoon, Thomas |
| **Subject:** | RE: Baumgardner v sofitel |
| **Attachments:** | Breakdown of Baumgardner vs. Sofitel trial.docx; Index with Highlights of what we would like (1).pdf |

Good morning, Tom.

Mr. Adam Davis did contact me at the end of June to talk about transcripts. There was some discussion over the phone about what might be needed. I did advise counsel to give me clearer designations as to what they wanted and a transcript order form. I also advised them that I was unavailable to do transcript work the last week of July as follows from an email I sent on 6/28/16:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"Good morning, Mr. Davis.

Unfortunately, I am not able to get to the transcript that you talked to me about over the phone on Friday, 6/24/16. I was out of town this weekend and am currently on a daily copy trial this week which is keeping me occupied. I will be leaving this weekend out of town on vacation and will be out for the following week. I should be returning to work on 7/11/16. I won't be able to even get started on doing work on the transcript until then.

I guess I'm still not very clear as to what portion of the transcript you need. This trial spanned over two weeks, and there was as much interspersed discussion, motions, colloquy, etc. between the Court and counsel as there was testimony. Should you still require a transcript, please completely fill out a transcript order form and send it to my office. You can email it also to transcripts@courts.phila.gov. Please send clear designations of what you are looking for. The more info you can provide on a section you're looking for, the better (i.e. dates, what particular matter or issue was discussed, etc.) If it's too vague or expansive, it will be very time consuming, and you might have to order the entire transcript.

Sincerely,

Adrian Dale Baule"
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

There was some email correspondence on 7/8, 7/9, 7/10, and 7/11 with a little more discussion about what they needed, but it wasn't clear as to what days everything happened on. Subsequently, I did compile and email counsel on 7/19/16 a detailed breakdown of the two-week trial (which most reporters don't do) in order to assist counsel in how to properly designate and order trial transcript portions, which I have attached to this email. I then received an email from

1

Adam Davis on 7/28/16 with the portions highlighted that they needed from the trial which I have also attached to this email. I then instructed him how to designate it on the transcript order form, and I did receive a faxed transcript order form on that day also. I completed the requested transcripts and invoiced their firm on 8/1/16. I received payment in the mail on 8/8/16 and emailed them the transcripts on 8/9/16.

Hope this helps.

Adrian Dale Baule

---

From: Muldoon, Thomas
Sent: Monday, August 15, 2016 11:12 AM
To: Baule, Adrian
Subject: Baumgardner v sofitel

Adrian, good morning. Sorry to re-kindle this nightmare again for you, but I need a little, but specific info.

The plaintiff filed post-trial motions. We ordered that the motion be filed within 30 days after receipt of the trial transcripts. Tom Wagner had advised that the transcripts were available on July 18 or 19. Today, we rec'd a more detailed letter from him advising that Mr. Mezrow had not ordered the trial transcripts but had been in contact with you requesting certain parts of the trial testimony, but no formal request has been made.

Is this accurate? Can you please let me know if a proper and formal transcript request has been submitted by plaintiff and if so, the dates. If not, then please advise as to the dates (if possible) and manner of contact by plaintiff's counsel. Laslty, did you provide him with the notes he was seeking and if so, when?

Thank you for your help. Hope all is well.

Tom

Thomas P. Muldoon, Jr., Esq.
Law Clerk to the Honorable Angelo J. Foglietta Court of Common Pleas – First Judicial District
City Hall – 692 Philadelphia, PA 19107
215-686-7946

2

## _Heather Baumgardner vs. Sofitel, etc. Jury Trial_

### Thursday 4/14/16

Motions in limine

### Friday 4/15/16

Jury selection held off the record without court reporter

Plaintiff's motion in limine to preclude evidence of pre-incident and post-incident contact between the H. Baumgardner and C. Werley denied

### Monday 4/18/16

Judge's preliminary instructions

Opening statements

Glen Conway examination

P/O Johnson examination

Lunch

Vincent Vienne Examination

### Tuesday 4/19/16

Christian Flaesch examination

### Wednesday 4/20/16

Michael Davis examination

Recess

Russell Kollins voir dire examination

### Thursday 4/21/16

Russel Kollins examination

Lunch (jury dismissed)

Colloquy H. Baumgardner on offer

Objections regarding testimony of Russell Kollins

## Monday 4/25/16

Heather Baumgardner examination

(Discussion on Ms. Baumgardner rejecting offer without jury's presence)

Lunch

Heather B. examination continued

Ira Solomon examination

## Tuesday 4/26/16

Chambers discussion about Plaintiff's treating counsel and four-corners of report/Discussions on financial disclosures of Defendant hotels

Elgin Scott examination

Reading/Moving in wealth of Defendant hotels

Plaintiff moves in exhibits and rests

Defense motions for non-suit (continued to next day)

## Wednesday 4/27/16

Chambers discussion on Defense motions for directed verdict / non-suit/Mr. Greenberg let out of case

Dr. Barbara Ziv examination

Pamela King examination

Video clips of C. Werley's depositions played for the jury

Plaintiff's counter designations/readings of C. Werley's depositions

Defense moves in exhibits/rest?

## Thursday 4/28/16

Chambers discussions on Plaintiff's motion for directed verdicts

Other motions held in chambers

(Jury charge conference held off the record without reporter)

Lunch

Discussion on cross-claim (Chris Werley) and verdict sheet objection

Defense rests

Closing Arguments

Jury Charge

## Friday 4/29/16

Question from jury. LENGTHY discussion on question "What is the legal definition of reckless indifference," and answer to the jury

Verdict

## *Heather Baumgardner vs. Sofitel, etc. Jury Trial*

### Thursday 4/14/16

Motions in limine

### Friday 4/15/16

Jury selection held off the record without court reporter

Plaintiff's motion in limine to preclude evidence of pre-incident and post-incident contact between the H. Baumgardner and C. Werley denied

### Monday 4/18/16

Judge's preliminary instructions

Opening statements

Glen Conway examination

P/O Johnson examination

Lunch

Vincent Vienne Examination

### Tuesday 4/19/16

Christian Flaesch examination

### Wednesday 4/20/16

Michael Davis examination

Recess

Russell Kollins voir dire examination

### Thursday 4/21/16

Russel Kollins examination

Lunch (jury dismissed)

Colloquy H. Baumgardner on offer

Objections regarding testimony of Russell Kollins

## Monday 4/25/16

Heather Baumgardner examination

(Discussion on Ms. Baumgardner rejecting offer without jury's presence)

Lunch

Heather B. examination continued

Ira Solomon examination

## Tuesday 4/26/16

Chambers discussion about Plaintiff's treating counsel and four-corners of report/Discussions on financial disclosures of Defendant hotels

Elgin Scott examination

Reading/Moving in wealth of Defendant hotels

Plaintiff moves in exhibits and rests

Defense motions for non-suit (continued to next day)

## Wednesday 4/27/16

Chambers discussion on Defense motions for directed verdict / non-suit/Mr. Greenberg let out of case

Dr. Barbara Ziv examination

Pamela King examination

Video clips of C. Werley's depositions played for the jury

Plaintiff's counter designations/readings of C. Werley's depositions

Defense moves in exhibits/rest?

## Thursday 4/28/16

Chambers discussions on Plaintiff's motion for directed verdicts

Other motions held in chambers

(Jury charge conference held off the record without reporter)

Lunch

Discussion on cross-claim (Chris Werley) and verdict sheet objection

Defense rests

Closing Arguments

Jury Charge

## Friday 4/29/16

Question from jury. LENGTHY discussion on question "What is the legal definition of reckless indifference," and answer to the jury

Verdict

Colloquy H. Baumgardner on offer

Objections regarding testimony of Russell Kollins

## Monday 4/25/16

Heather Baumgardner examination

(Discussion on Ms. Baumgardner rejecting offer without jury's presence)

Lunch

Heather B. examination continued

Ira Solomon examination

## Tuesday 4/26/16

Chambers discussion about Plaintiff's treating counsel and four-corners of report/Discussions on financial disclosures of Defendant hotels

Elgin Scott examination

Reading/Moving in wealth of Defendant hotels

Plaintiff moves in exhibits and rests

Defense motions for non-suit (continued to next day)

## Wednesday 4/27/16

Chambers discussion on Defense motions for directed verdict / non-suit/Mr. Greenberg let out of case

Dr. Barbara Ziv examination

Pamela King examination

Video clips of C. Werley's depositions played for the jury

Plaintiff's counter designations/readings of C. Werley's depositions

Defense moves in exhibits/rest?

## Thursday 4/28/16

Chambers discussions on Plaintiff's motion for directed verdicts

Other motions held in chambers

(Jury charge conference held off the record without reporter)

Lunch

Discussion on cross-claim (Chris Werley) and verdict sheet objection

Defense rests

Closing Arguments

Jury Charge


Friday 4/29/16            All Jury question

Question from jury. LENGTHY discussion on question "What is the legal definition of reckless indifference," and answer to the jury

Verdict