# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohammad Sohail Saleem, : 
                Appellant : 
                 : 
        v. : No. 1358 C.D. 2019
                 : Submitted: March 6, 2020
Commonwealth of Pennsylvania, : 
Department of Corrections, : 
John Doe # 1, C.O.I.; John Doe #2, : 
C.O.II; John Doe #3, C.O.I.; Barlett, : 
C.O.I.; Tarentella, C.O.III; H. Probst, : 
A/CO5, A/Major of Guard; Mark C. : 
Garman, Superintendent; Dorina : 
Varner, (Chief Grievance Coordinator); : 
All sued in their individual and : 
Official Capacities, et al. : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: July 20, 2020

         Mohammad Sohail Saleem, *pro se*, appeals an order of the Court of Common Pleas of Centre County (trial court) that dismissed his civil complaint filed against the Pennsylvania Department of Corrections for failure to effect service on the Office of Attorney General. Saleem argues that the lack of service upon the Attorney General constitutes harmless error and does not constitute grounds for dismissal. We affirm.

         On March 1, 2018, Saleem filed a civil complaint against the Department of Corrections, Superintendent Mark C. Garman and several

Department employees[1] (collectively, Department). The complaint alleged that on June 26, 2017, Saleem was placed in the restricted housing unit at the State Correctional Institution at Rockville. During that time, his personal property was packed in boxes by Department employees and stored in the property room. Four days later, Saleem was released and returned to his regular unit. Upon collecting his belongings from the property room, he discovered that items were missing that he valued at $75.00.

The civil complaint raised four counts. First, it asserted negligence by the Department's employees for the loss of the property. Second, it asserted a deprivation of property without due process of law. Third, it asserted that Superintendent Garman was liable for Saleem's losses under the doctrine of *respondeat superior*. Fourth, it asserted that Superintendent Garman was vicariously liable for the conduct of the Department employees. Saleem sought compensatory damages of $75.00 for the missing commissary items; $25,000 in damages for the negligence and due process violations; and $25,000 for Superintendent Garman's malfeasance. Saleem sought punitive damages of $25,000 against all named defendants.

Saleem effected service by having the Sheriff's Office of Centre County serve the complaint on the Department. The Department then filed preliminary objections, seeking to dismiss the complaint because Saleem did not

---

[1] Specifically, Saleem named: John Doe #1, Correctional Officer (C.O.) I; John Doe #2, C.O. II; John Doe #3, C.O. I; Jeremy Bartlett, C.O. I; John Tarentella, C.O. III; Herbert Probst, Major of the Guard; and Dorina Varner, Chief Grievance Coordinator.

serve the Attorney General, thereby depriving the trial court of jurisdiction to hear the matter.[2]

On September 25, 2018, the trial court sustained the preliminary objection based on lack of jurisdiction but gave Saleem until October 25, 2018, to serve the Attorney General. Saleem requested an extension of time to comply with the order, and the trial court granted an extension to November 30, 2018.

On February 14, 2019, the Department filed a motion to dismiss the complaint for the stated reason that Saleem's November 6, 2018, certified mail service upon the Attorney General was defective. Service was required to be made by sheriff. The Department asserted that this defective service violated the trial court's order and deprived the court of jurisdiction.

On June 24, 2019, the trial court dismissed the complaint for lack of jurisdiction. The trial court reasoned that Saleem had failed to properly serve the Attorney General as previously ordered and dismissal was appropriate pursuant to *Kreidie v. Department of Revenue*, 156 A.3d 380 (Pa. Cmwlth. 2017) (failure to serve the Attorney General constitutes a fatal defect).

Saleem has appealed to this Court and has raised one issue.[3] He argues improper service constitutes harmless error and should not be grounds for dismissal. As such, the trial court abused its discretion in dismissing his complaint.

We begin with a review of the applicable law. Section 8523(b) of the Judicial Code states as follows:

---

[2] The Department's preliminary objections asserted a demurrer to the due process claim and to the claim against Superintendent Garman. The Department also asserted that the claims were barred by sovereign immunity.

[3] Absent an abuse of discretion, a court may refuse to extend the deadline for amended service due to failure of the litigant to comply with the court's order. *Konya v. District Attorney of Northampton County*, 669 A.2d 890, 892 (Pa. 1995).

Service of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at the office of the Attorney General.

42 Pa. C.S. §8523(b). In addition, Pennsylvania Rule of Civil Procedure No. 422(a) states as follows:

(a) Service of original process upon the Commonwealth or an officer of the Commonwealth, or a department, board, commission or instrumentality of the Commonwealth, or a member thereof, shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof.

Pa. R.C.P. No. 422(a). Absent limited exceptions, "original process shall be served within the Commonwealth only by the sheriff." Pa. R.C.P. No. 400(a).[4]

This Court has held that "failure to serve a copy of the complaint on the Attorney General cannot be excused. This omission renders [the plantiff's] service defective and deprive[s] the trial court of jurisdiction over [the defendants]." *Reaves v. Knauer*, 979 A.2d 404, 410 (Pa. Cmwlth. 2009) (citing *Feigley v. Jeffes*, 510 A.2d 385 (Pa. Cmwlth. 1986)). However, a court may give a plaintiff the opportunity to

---

[4] The exceptions are as follows:

(b) In addition to service by the sheriff, original process may be served also by a competent adult in the following actions:

(1) civil action in which the complaint includes a request for injunctive relief under Rule 1531, perpetuation of testimony under Rule 1532 or appointment of a receiver under Rule 1533,

(2) partition, and

(3) declaratory judgment when declaratory relief is the only relief sought.

Pa. R.C.P. No. 400(b).

4

cure the defect where there is no prejudice suffered by the opposing party. *Konya*, 669 A.2d at 892.

Saleem claims that improper service constitutes harmless error. In support, he directs the Court to *Estelle v. Gamble*, 429 U.S. 97 (1976). There, an inmate, who was *pro se*, filed a complaint against the Texas Department of Corrections and its medical staff, and the complaint was dismissed for failure to state a claim. The United States Supreme Court remanded, holding that the handwritten *pro se* complaint was to be liberally construed and "however inartfully pleaded[]" could only be dismissed "if it appears beyond doubt" that the facts cannot support a claim. *Id*. at 106 (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Saleem argues that *Estelle* establishes that his *pro s*e status excuses his failure to effect service.[5]

The Department responds that the law requires strict, not substantial, compliance with the rules of procedure, and there is no exception for litigants that proceed *pro se*. Service upon the Attorney General must be done in person by a sheriff. Moreover, the trial court gave Saleem a second chance to effect service and he failed to comply with the trial court's order. In support, the Department refers the Court to *Konya*, 669 A.2d 890.

In *Konya*, an inmate sought to pursue a private criminal complaint, *pro se*, with the Northampton County District Attorney, claiming that three witnesses in his criminal trial committed perjury. When the District Attorney declined to prosecute, the inmate filed a petition for review, *pro se*, addressed to this Court's

---

[5] Saleem characterizes his failure to effect service as harmless error based on *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014). *Newman* addresses harmless error in the context of a jury instruction that omitted a material element of the crime the defendant was ultimately found guilty of committing. *Newman* is not germane to the issue before this Court.

original jurisdiction. He requested a writ of mandamus to compel the District Attorney and the Attorney General to initiate criminal proceedings against the witnesses.

The applicable rules state that a petition for review must be "served by the petitioner in person or by certified mail on the government unit that made the determination sought to be reviewed. In matters involving the Commonwealth, the petitioner shall similarly serve a copy upon the Attorney General of Pennsylvania." PA. R.A.P. 1514(c). In *Konya,* the Attorney General filed preliminary objections because service was made by First-Class Mail. This Court agreed that service was defective, but we held the defect to be curable. We granted the inmate 14 days to effect service. Instead, the inmate served the Attorney General 11 days past the deadline. We dismissed his petition for review.

Before the Supreme Court, the inmate contended that this Court abused its discretion because there was no prejudice from the untimely service. The Supreme Court noted that "[w]hether a court may disregard a litigant's defective service of process or violation of its order is vested within the sound discretion of that court." *Konya*, 669 A.2d at 892. The Supreme Court concluded that this Court did not abuse its discretion, explaining as follows:

> To require the Commonwealth Court to overlook [the inmate's] failure to comply with a court order and to accept service which is filed beyond the court-ordered extended deadline for amended service would be to countenance the dilatory actions of litigants who blatantly disregard court orders. We see no reason to adopt a *per se* rule that, as long as no prejudice is suffered by untimely service, a court order can be disregarded. In fact, if we were to adopt such a *per se* rule, we would be hindering the orderly disposition of cases before the courts of the Commonwealth and injecting into well-grounded procedure an element of uncertainty were there should be none.

6

*Id*. at 892.

*Konya* is dispositive. Here, the trial court gave Saleem a second chance to effect service, and he did not comply with the order. The trial court was not required to overlook a "failure to comply with a court order and to accept service which is filed beyond the court-ordered extended deadline…." *Id.* at 892. In short, the trial court did not abuse its discretion.

Saleem also claims that his *pro se* status excuses his inability to comply with the Pennsylvania Rules of Civil Procedure. In *Green v. Harmony House North 15th Street Housing Association, Inc.*, 684 A.2d 1112 (Pa. Cmwlth. 1996), the *pro se* litigant failed to appear at a pre-trial conference and the trial court dismissed her appeal from a compulsory arbitration award. She appealed to this Court, arguing "that the rules are too complicated for a *pro se* party to understand and thus, she should be excused from following the rules." *Id.* at 1114. We responded, as follows:

> [E]arly on in this Commonwealth's legal history, the Supreme Court began promulgating rules of procedure consistent with the Pennsylvania Constitution. Pa. Const. art. V, §10(c). The fact that [the litigant] decided to be her own lawyer does not excuse her from failing to follow the rules of civil and/or appellate procedure. "The right of self-representation is not a license ... not to comply with relevant rules of procedure and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 [] (1975). Our Supreme Court in *Peters Creek Sanitary Authority v. Welch*, [] 681 A.2d 167, 170 ([Pa.] 1996) [], again enunciated its position as to *pro se* litigants citing *Vann v. Unemployment Compensation Board of Review*, [] 494 A.2d 1081 ([Pa.] 1985) (*pro se* litigant must to some extent assume the risk that his lack of legal training will prove his undoing); *Commonwealth v. Abu–Jamal*, [] 555 A.2d 846, 852 ([Pa.] 1989) (*pro se* litigant "is subject to the same rules of procedure as is a counseled defendant)[.]"

7

*Green*, 684 A.2d at 1114. Accordingly, we reject Saleem's claim that his *pro se* status excuses his failure to comply with the Pennsylvania Rules of Civil Procedure.

For all the above reasons, we reject Saleem's claim that the trial court abused its discretion in dismissing his complaint. Accordingly, the order of the trial court is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohammad Sohail Saleem, : 
                Appellant : 
                     : 
          v. : No. 1358 C.D. 2019
                     : 
Commonwealth of Pennsylvania, : 
Department of Corrections, : 
John Doe # 1, C.O.I.; John Doe #2, : 
C.O.II; John Doe #3, C.O.I.; Barlett, : 
C.O.I.; Tarentella, C.O.III; H. Probst, : 
A/CO5, A/Major of Guard; Mark C. : 
Garman, Superintendent; Dorina : 
Varner, (Chief Grievance Coordinator); : 
All sued in their individual and : 
Official Capacities, et al. : 

# **O R D E R**

AND NOW, this 20th day of July, 2020, the order of the Court of Common Pleas of Centre County, dated June 24, 2019, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge